**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 96-60306
Summary Calendar

_____


LOUELLA FAY YOUNG STRICKLAND,

                    Plaintiff - Appellant,

versus


RANKIN COUNTY CORRECTIONAL FACILITY; ROBERT
PEEDEE; ET AL,

                    Defendants

BRANDON CARTER; JOSEPH O'HARA; EDWARD HARGETT,
SUPERINTENDENT,    MISSISSIPPI    STATE
PENITENTIARY; CENTRAL MISSISSIPPI CORRECTIONAL
FACILITY

                    Defendants - Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

January 30, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Louella Strickland, a Mississippi prisoner, appeals the dismissal of her claims for inadequate medical treatment and unconstitutional prison conditions. Her appeal involves two issues of first impression in this circuit regarding the retroactive application of the filing and fee provisions of the Prison

Litigation Reform Act, which we raise *sua sponte.*

I

Strickland filed suit in federal court *in forma pauperis* ("i.f.p."), alleging that prison officials were deliberately indifferent to her serious medical needs and that prison conditions constituted cruel and unusual punishment in violation of the Eighth Amendment. A magistrate judge dismissed these claims as frivolous, and Strickland filed a timely notice of appeal on April 19, 1996. One week later, on April 26, the President signed the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA" or "Act"), which changes the requirements to proceed i.f.p. in federal courts. Among other things, the Act requires prisoners to submit a prison trust fund account statement and an affidavit listing their assets. The PLRA also requires that prisoners pay the full amount of the filing fee for an appeal, over time if necessary. Before we reach the merits of Strickland's appeal, we must decide whether she is required to meet the new PLRA certification requirements and to pay the filing fee for this appeal, which she filed before the Act's effective date.[1]

---

[1] We note at the outset that Fed. R. App. P. 24(a) does not affect our analysis. Both the certification requirements and the fee provisions of the PLRA stand in conflict with Fed. R. App. P. 24(a), which provides that once the district court certifies the petitioner to proceed i.f.p., "the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor." However, as we noted in *Jackson v. Stinnett*, Congress has the authority to regulate matters of practice and procedure in the federal courts, and it may, at any time, amend or abridge by statute federal procedural rules promulgated under the Rules

Section 1915(a)(2), as amended by the PLRA, provides that "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor" must file an affidavit listing her assets and submit a certified copy of her prison trust fund account. Strickland's application for i.f.p. status in the district court falls short of these requirements.

The question of whether to apply the PLRA to a case pending on its enactment is governed by the Supreme Court's recent opinion in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994). *Landgraf* prescribes a two-stage analysis to answer this question. First, courts should determine "whether Congress has *expressly* prescribed the statute's proper reach." *Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1505 (emphasis added). If it has, the court must follow congressional intent. *Id*. Second, where the statute does not contain an express effective date, courts must determine whether the statute would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. Courts should refuse to apply a statute retroactively if it has any of these effects. *Id*.

Applying a *Landgraf* analysis, we have already noted that the

---

Enabling Act. 1996 WL 714352 at * 1 (5th Cir. Dec. 11, 1996). In *Jackson*, we held that Congress implicitly amended Rule 24(a) to the extent that it actually conflicts with the PLRA. *Id*. at * 3. The procedural posture of *Jackson* differed from this case only in that he filed his notice of appeal after the effective date of the PLRA.

PLRA contains no effective date provision. *See Adepegba v. Hammons*, 1996 WL 742523 at * 2 (5th Cir. Dec. 31, 1996); *see also Green v. Nottingham*, 90 F.3d 415, 419 (10th Cir. 1996) (PLRA does not include the kind of "unambiguous directive" required by *Landgraf*). Therefore we turn to step two, inquiring whether the new i.f.p. certification requirements impair rights, increase liability for past conduct, or attach new duties to completed transactions.

The form of a filing requirement is procedural in the strictest sense, requiring only an affidavit listing assets and a certified copy of a prison trust fund account, which is essentially a bank statement. Requiring prisoners to meet these procedural requirements impairs no rights, creates no new liability, and imposes no new duties under *Landgraf* step two. As the *Landgraf* Court noted, "Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." 511 U.S. at ___, 114 S. Ct. at 1502. Before passage of the PLRA, prisoners filed similar statements to certify their pauper status; section 1915(a)(2), as amended, essentially changes the form of the certification. This change in form, as with many provisions of amended section 1915, does not affect the substance of the underlying appeal or any independent substantive rights. *See Adepegba*, 1996 WL 742523 at * 3 ("Section 1915 is a procedural statute governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts."); *see also Abdul-Wadood v. Nathan*, 91 F.3d

-4-

1023, 1025 (7th Cir. 1996) ("All § 1915 has ever done is excuse prepayment of docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible."); *Green*, 90 F.3d at 420 (section 1915(g) does not impose new liabilities because it is a "procedural rule").

Further, we held in *Adepegba* that the "three strikes" provision of section 1915(g), which barred the petitioner from most future litigation under the i.f.p. statute, was procedural. *Adepegba*, 1996 WL 742523 at *3. The requirement that Strickland certify her indigent status using different forms certainly affects her rights no more than the three strikes provision of section 1915(g). We therefore find that the filing requirements of section 1915(a)(2) do not impose new liabilities under *Landgraf*, and we hold that prisoners whose appeals were pending on the effective date of the PLRA must refile to this court in conformity with the amended statute before we consider their appeals on the merits. Accordingly, we will dismiss Strickland's appeal in thirty days unless she refiles for i.f.p. certification in conformity with the new requirements of the PLRA.

B

Amended section 1915(b)(1) provides that "if a prisoner *brings* a civil action or *files* an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." (emphasis added). This section attaches fees upon the completion of a specific event, here the filing of an appeal. By comparison, the certification requirements of section 1915(a) apply any time a

prisoner is "seeking to bring or appeal a judgment in a civil action." Thus Congress would require the new filing during any part of an appeal up to the point of decision. Strickland was seeking to appeal this judgment the day the PLRA was passed and has continued to seek appeal since, prompting our analysis in the last section regarding the certification requirements. By contrast, the fee requirements attach to specific "triggering events" of bringing and filing this appeal before the enactment of the PLRA, both of which Strickland completed before the PLRA became law.

As we decided in the previous part of this opinion, section 1915(a) requires Strickland to refile her application for i.f.p. status to this court. We hold that her decision to continue this suit, and her refiling for certification under the PLRA, will count as "filing" an appeal under section 1915(b)(1) and trigger anew her responsibility to pay appellate fees.

In *Thurman v. Gramley*, the Seventh Circuit consolidated several cases to decide threshold PLRA issues. 97 F.3d 185 (7th Cir. 1996). Thurman's case shared roughly the same procedural disposition as Strickland's: he had filed his notice of appeal before the PLRA's effective date, and the Seventh Circuit was to decide after the effective date whether to assess the filing fee. *Id*. at 188. However, the district court in that case had determined that Thurman's appeal was frivolous and decertified his i.f.p. status. *Id*. Thurman appealed to the Seventh Circuit to certify that his appeal was not frivolous so that he could proceed i.f.p. *Id.*

The Seventh Circuit held that, where permission to proceed i.f.p. is essential, the appeal will not be deemed "filed" when the clerk's office receives the notice of appeal or request to proceed i.f.p. *Id*. at 188-89. The court held that where the appeal has been filed, but it is ineffective because the appellant lacks i.f.p. status, the appeal is not deemed "filed" for the purposes of the PLRA fee provision until the motion has been acted on by the court. *Id*. at 189. The court therefore gave Thurman twenty-one days to decide whether to dismiss his appeal and avoid incurring the filing fee. *Id*.

At first glance, it appears that Strickland's case is distinguishable; she had "carryover" i.f.p. status because the district court did not decertify her. Rule 24(a) provides that, once the district court granted her permission to proceed i.f.p., she need not get permission from the court of appeals. However, our decision to apply the i.f.p. certification requirements of the PLRA to her pending appeal effectively revokes her carryover i.f.p. status from the district court, *see Jackson v. Stinnett*, 1996 WL 714352 at *3 (5th Cir. Dec. 11, 1996) (holding that certification requirements of PLRA implicitly amended carryover i.f.p. provisions of Fed. R. App. P. 24(a)). Should Strickland decline to refile under the new procedures within thirty days, we will dismiss her appeal, therefore permission to proceed i.f.p. is essential in this case just as it was in *Thurman*. Following the rationale of the Seventh Circuit, we will deem Strickland's appeal in this court to be "filed" under the PLRA if and when she refiles under the new

certification requirements of the Act.  Should she decide to refile, she "shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1), as amended.

However, as in our analysis of the PLRA certification requirements, we must also consider whether assessing those fees in an appeal pending on the Act's effective date is consistent with *Landgraf*.  The analysis under *Landgraf* step one is the same; Congress provided no explicit instruction about whether to apply the fee provision to pending cases.  Therefore we proceed to step two, asking whether the statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."  *Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1505.  Of course there is no absolute "right" to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw.  *Adepegba*, 1996 WL 742523 at *2; *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

Furthermore, the fee provision does not increase liability for *past* conduct or impose new duties for *completed* transactions. After our order in this case, Strickland will face a choice: refile for certification and pay the filing fee, or drop the appeal. Until she makes this choice, Strickland's decision to appeal the magistrate's dismissal is neither "past conduct" nor a "completed transaction."  The fee provision will not attach automatically to her notice of appeal, which has been completed, and it will not work unfair surprise to her.  We will assess the fee only after

Strickland has had a chance to evaluate her claims and decide that the merits of her appeal justify paying appellate fees. Because imposing fees after her decision to pursue her appeal does not attach new liabilities to completed conduct, we find that assessing her appellate fees under section 1915(b) is completely consistent with *Landgraf*.[2]

## II

We therefore will not consider Strickland's appeal "filed" for

---

[2] In so holding, we disagree with the Tenth Circuit's fiat in *White v. Gregory* that the PLRA simply does not apply to cases pending on its enactment. 87 F.3d 429, 430 (10th Cir. 1996). However, we agree to some extent with the conclusions reached by the Second and Seventh Circuits, both of which have applied the fee provisions of the PLRA to cases pending on the statute's enactment. The Second Circuit has held that the fee provisions should apply to most pending appeals. In *Covino v. Reopel*, the court held that the burdens of the PLRA are "both slight and entirely avoidable," and that the purpose of the Act was to make prisoners feel the deterrent effect of filing fee obligations before burdening the court with frivolous appeals. 89 F.3d 105, 107-08 (2d Cir. 1996). The *Covino* panel held that, because no judicial time had been invested in the appeal, and because the appellant could not demonstrate that he had expended significant time and effort preparing a brief, the Congressional purpose would be best advanced by applying the statute to the pending appeal. However, in subsequent cases, the Second Circuit has declined to apply the statute retroactively in cases that have reached the court and been briefed, apparently out of concern for parties who had briefed appeals, but who would not pursue them if required to pay. *See Duamutef v. O'Keefe*, 98 F.3d 22, 24 (2d Cir. 1996) (distinguishing *Covino* on grounds that appellant had briefed appeal, but not engaging in *Landgraf* analysis); *Ramsey v. Coughlin*, 94 F.3d 71, 73 (2d Cir. 1996) (same). To the extent that the Second Circuit believes that such prejudice would implicate *Landgraf* concerns, we disagree.

We are more inclined toward the approach of the Seventh Circuit in *Thurman*, as discussed above, deciding that the PLRA provisions should apply after the appellant had time to consider whether to continue with his appeal. The Seventh Circuit gave the appellant, on procedural footing similar to Strickland's, twenty-one days to submit to the fee requirements of the Act or dismiss his suit, but refused to assess fees before then. *Thurman*, 97 F.3d at 189.

purposes of section 1915(b), as amended, until she has applied to this court to proceed *in forma pauperis* under the amended provisions of section 1915(a)(2). She has thirty days in which to do so, after which time we will dismiss her appeal. *See Jackson*, 1996 WL 714352 at * 4 (giving petitioner thirty days to refile under PLRA); *Covino*, 89 F.3d at 108-09 (same); *see also Thurman*, 97 F.3d at 189 (giving Thurman twenty-one days to dismiss appeal and avoid appellate fees). If Strickland submits the required affidavits and certified copy of her trust fund account statement as required by the statute, we will assess and collect the full filing fee, subject to the installment provisions of section 1915(b).