UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30967
_____

HUBERT ARVIE,

Plaintiff-Appellant,

versus

DORASEL LASTRAPES, Et Al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____
February 25, 1997

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:

Hubert Arvie, Louisiana state prisoner # 122010, *pro se* and *in forma pauperis*, appeals the dismissal of his 42 U.S.C. § 1983 action. The case is back in our court following a remand to the district court for the limited purpose of determining whether Arvie's notice of appeal was timely filed.

At issue are whether the district court (1) clearly erred in finding that the notice of appeal was timely; (2) erred by dismissing Arvie's complaint as not timely filed; (3) abused its discretion by refusing to allow Arvie to amend his complaint or by not construing later filings as a "more definite statement"; and

(4) erred by denying Arvie's motion for a preliminary injunction based on a denial of access to the courts claim.  But, we first must consider the effect on Arvie's appeal of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which modifies the requirements for proceeding *in forma pauperis* in federal court.

*Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), holds that 28 U.S.C. § 1915(g), as amended by the PLRA, applies to a prisoner, like Arvie, whose notice of appeal was filed prior to the enactment of the PLRA.  That section provides:

> In no event shall a prisoner bring a civil action *or appeal a judgment in a civil action or proceeding under this section* if the prisoner has, on 3 or more prior occasions, *while incarcerated or detained in any facility*, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Based on the information available to us, it appears likely that Arvie has at least three dismissals that would call into play § 1915(g), as interpreted in *Adepegba*.

On 16 October 1991, our court affirmed the dismissal of a § 1983 civil rights action filed by Arvie against numerous officials in Acadia Parish, Louisiana.  *Arvie v. Laffose*, No. 91-4364 (5th Cir. 16 Oct. 1991) (unpublished).  Our court did not address

whether the district court had abused its discretion by dismissing Arvie's complaint pursuant to FED. R. CIV. P. 41(b), because it concluded that, as a matter of law, the complaint was frivolous, and that dismissal was therefore proper under 28 U.S.C. § 1915(d). *Id*. We are unable to determine, however, whether our court's disposition counts as a dismissal for § 1915(g) purposes, because the opinion does not state whether the appeal was taken while Arvie was a "prisoner"; that is, while he was "incarcerated or detained in any facility". 28 U.S.C. § 1915(g); *see also* 28 U.S.C. § 1915(h)(defining "prisoner" for § 1915 purposes).

On 7 May 1993, our court affirmed the district court's dismissal of another § 1983 complaint filed by Arvie; the dismissal was pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim for which relief can be granted. *Arvie v. Bailey*, No. 92-8139 (5th Cir. 7 May 1993) (unpublished). Because the opinion does not reflect whether Arvie brought the action while incarcerated or detained, it is again unclear whether this disposition counts against him under § 1915(g).

Finally, on 10 November 1994, the United States District Court for the Middle District of Louisiana dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d) yet another § 1983 action filed by Arvie. *Arvie v. Cain*, No. 94-1683-B-1 (M.D. La. 10 Nov. 1994). The district court's opinion reflects that Arvie was an inmate when

- 3 -

the action was filed.  Accordingly, this dismissal counts against Arvie within the meaning of § 1915(g).

Because Arvie's appeal may not proceed if he has three such dismissals under § 1915(g), and because we are able to determine only that one of the above-discussed dispositions qualifies under § 1915(g), we **REMAND** this case to the district court for the limited purpose of determining:

>     (1) whether Arvie was a prisoner (incarcerated or detained) when he brought the appeal in **Arvie v. Laffose**, No. 91-4364 (appeal from a judgment entered in Civil Action No. 90 0791 0, in the United States District Court for the Western District of Louisiana); and

>     (2) whether Arvie was a prisoner when he brought **Arvie v. Bailey**, Civil Action No. A-90-CV-642, in the United States District Court for the Western District of Texas.

Upon making this determination, the district court shall return the case to this court for further proceedings as may be appropriate.

Pursuant to those district court findings, the appeal will be dismissed if we conclude that Arvie has at least three dismissals for purposes of § 1915(g).  *See* **Adepegba**, 103 F.3d at ___, 1996 WL 742523, *6.

On the other hand, if we conclude that Arvie does not have three such dismissals, he shall have 30 days from the date of our

- 4 -

ruling to comply with 28 U.S.C. § 1915(a) and (b), as amended by the PLRA, including:

(1) payment of the appellate filing fee of $105 to the clerk of the district court; or

(2) filing in this court

(a) an affidavit stating all assets that he possesses; and

(b) a certified statement by the custodian of Arvie's trust-fund account for the six-month period immediately preceding 22 September 1995, the date of the filing of the notice of appeal herein.

*See* **Moreno v. Collins,** ___ F.3d ___, 1997 WL 35408 (5th Cir. 1997); **Strickland v. Rankin County Correctional Facility**, ___ F.3d ___, 1997 WL 35406 (5th Cir. 1997). Toward that end, Arvie may request the proper forms for compliance from the clerk of this court. If such compliance is necessary, and Arvie does not comply within 30 days, the clerk of this court is directed to dismiss the appeal for lack of prosecution. *See* FIFTH CIR. R. 42.3.

*REMANDED*