IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11192
Summary Calendar
_____

JERRY ARAGON,

                                        Plaintiff-Appellant,

versus

THOMAS HINKLE; SANTOS GARCIA; TONY ASH;
MELISSA L. ARESKOG; LONA CHEARIS; CRAIG A. RAINES,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-36
- - - - - - - - - -
April 22, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jerry Aragon (#376237), a state prisoner, has applied for

leave to appeal in forma pauperis ("IFP") in an appeal from the

magistrate judge's order dismissing his claims against several

defendants named in his civil rights action.  The Prison

Litigation Reform Act applies to this appeal.  See Strickland v.

Rankin County Correctional Facility, 105 F.3d 972, 973-76 (5th

Cir. 1997).  Aragon has complied with the certification

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

requirements of the PLRA and his motion for leave to proceed in forma pauperis is GRANTED.

Aragon is assessed an initial partial filing fee of $0.17. Aragon must also make monthly payments of 20% of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of Aragon is ORDERED to forward funds from Aragon's account to the clerk of the district court in payment of the initial partial filing fee. Thereafter, funds must be forwarded each time the amount in Aragon's account exceeds $10, until the full filing fee of $105 is paid.

Aragon contends that the district court erred in dismissing his claims against Thomas Hinkle, Santos Garcia, Craig Raines, and Lona Cheairs for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). We have conducted a de novo review of the record. We hold that, as to the claims against Hinkle and Garcia, the connection between their alleged actions and a subsequent assault upon Aragon by another inmate was too attenuated to support the conclusion that their actions were causally connected with the assault or that Hinkle and Garcia exposed Aragon to a substantial risk of serious harm. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Aragon has failed to allege that Raines acted with deliberate indifference to the need to protect him from the risk of serious harm by failing to move him to another cell after the assault. Farmer v. Brennan, 511 U.S. 825, ___, 114 S. Ct. 1970, 1984 (1994). Finally, Aragon

has failed to allege that he was prejudiced in his legal efforts by the actions of defendant Cheairs.  <u>Henthorn v. Swinson</u>, 955 F.2d 351, 354 (5th Cir. 1992).  We decline to reach several issues pertaining to defendant Cheairs raised by Aragon for the first time on appeal.  <u>See</u> <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).  The district court's judgment is AFFIRMED.

IFP GRANTED; JUDGMENT AFFIRMED.