# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-60724
(Summary Calendar)

STEVEN T. SAUCIER,

Plaintiff-Appellant,

versus

SHEILA FANCHER; JOE ERRINGTON; PATRICIA CRAWFORD;
MAXINE JOHNSON; HUBERT JORDAN; RICHARD MARTIN,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:94-CV-237)

May 19, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Steven T. Saucier ("Saucier"), a Mississippi-state prisoner, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the dismissal of his suit for violations of his civil rights pursuant to 42 U.S.C. § 1983. Saucier sued various members of a disciplinary committee that issued a ruling against him at a disciplinary hearing. He asserted that committee members did not give him a fair chance at the hearing and that they were biased against him. The district court granted the defendants' Rule 12 (b)(6) Motion to Dismiss of Failure to State a Claim.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court granted Saucier IFP status on September 28, 1994, and did not decertify that status. Saucier filed his notice of appeal on November 6, 1995. On April 26, 1996, after Saucier filed his brief, the President signed into law the Prisoner Litigation Reform Act of 1995 ("PLRA").[1] The enactment of the PLRA made significant changes to the procedures by which a prisoner seeks IFP status.[2]

Section 804 of the PLRA amended 28 U.S.C. § 1915 to provide, in relevant part, that prisoners seeking to appeal IFP, in addition to filing an affidavit of poverty, must submit a certified copy of their trust-fund-account statement for the six-month period preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2). A prisoner must pay the full filing fee if funds are available, and, if funds are not available, the court must assess and collect an initial partial filing fee as set forth by statute and later collect monthly installment payments from the prisoner. 28 U.S.C. § 1915(b)(1). Saucier has previously filed an affidavit of poverty, but he has not filed a certified copy of his trust-fund-account statement for the six-month period preceding the filing of the notice of appeal.

Because the new requirements imposed by the PLRA must be satisfied before we can hear Saucier's appeal, we are foreclosed from ruling on the merits of his appeal. *See Moreno v. Collins*, 105 F.3d 955, 955-56 (5th Ci. 1997). As such, we direct the clerk of this Court to provide Saucier with the proper forms for compliance herewith. Further, this appeal is held in abeyance until Saucier complies herewith or until the expiration of thirty days, whichever comes first. If Saucier does not

---

[1]Pub. L. No. 104-134, 110 Stat 1321 (1996).

[2]We have previously determined that the PLRA applies to appeals pending at the time of the PLRA's enactment. *Strickland v. Rankin County Correctional Facility*, 105 F.3d 972, 974 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996); *Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir. 1996).

comply within the thirty days, the clerk of this Court is directed to dismiss the appeal for lack of prosecution. *See* Fifth Circuit Rule 42.3. We will not assess fees against Saucier unless and until he decides to reapply for IFP status in the next thirty days. Should Saucier decide to pursue his appeal IFP, we will assess and collect the filing fee from his account, subject to the repayment provisions of section 1915(b). *Stinnett*, 102 F.3d at 138. If Saucier is unable to pay the fee in full, he may pay in installments as provided in section 1915(b).

Accordingly, we will dismiss Saucier's appeal in thirty days unless he reapplies to proceed *in forma pauperis* within the procedures of 28 U.S.C. 1915(a), as amended by the PLRA.

IT IS SO ORDERED.