# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 96-41049
Summary Calendar

---

JOSPEH H. NORTON,

Plaintiff-Appellant,

VERSUS

L. SCHMIDT; A. L. PINCHBACK; R.A. MARTINEZ; M. HALL, Asst. Warden;
M. DIAZ, Asst. Warden; G. JOHNSON, Regional Director; R. MCKINNEY, RN,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas

C-95-CV-638

---
November 24, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Joseph H. Norton, Texas prisoner # 676182, filed this 42 U.S.C. § 1983 action against numerous prison officials alleging that they were deliberately indifferent to his serious medical needs. Norton maintains that he suffers from a dental condition that requires the use of dentures but the prison officials have not provided them. On June 6, 1996, the district court dismissed Norton's action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) after noting that Norton was seen by medical and dental officials at the prison on fifteen occasions in one year. Norton filed a Rule 59 motion for reconsideration dated June 19, 1996. But, that motion was not received until June 24, 1996, two business days after a timely Rule 59 motion was due. Nonetheless, Norton's motion was timely under

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the rule in *Houston v. Lack*.[2] On October 3, 1996, the district court denied that motion. Norton filed a timely notice of appeal on October 21, 1996.

Norton raises two issues: (1) whether the district court erred in assessing a filing fee under the Prison Litigation Reform Act of 1996 (PLRA)[3], and (2) whether the district court abused its discretion in dismissing Norton's § 1983 action as frivolous. We consider each in turn.

First, the district court did not err in applying the PLRA to Norton's appeal. The PLRA applies to all appeals filed after it became effective as well as to appeals already pending at the time the act was passed.[4] The fact that Norton's case was filed in district court before the PLRA became law does not remove Norton's case from the scope of the act.

Furthermore, the district court did not abuse its discretion in dismissing Norton's complaint as frivolous under 28 U.S.C. § 1915.[5] A § 1915 dismissal is appropriate when the plaintiff's IFP complaint lacks an arguable basis in fact or in law.[6] Norton's complaint is grounded in the Eighth Amendment. To state a claim for the denial of medical treatment, a convicted prisoner must show that the denial or delay in care was the result of deliberate indifference to the plaintiff's serious medical needs.[7] This is a high hurdle, requiring the plaintiff to show that the defendant's conduct rose

---

[2]   A prisoner's *pro se* motion is deemed filed at the time the prisoner delivers the motion to prison authorities to forward to the court. 487 U.S. 266 (1978). *See United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (presuming that a prisoner's notice of appeal received by the clerk two business days late was filed on time); *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying the *Houston* rule to a prisoner's complaint); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the *Houston* rule to a prisoner's objections to the report of a magistrate judge).

[3]   28 U.S.C. § 1915 (b)(1).

[4]   *See Ayo v. Bathey*, 106 F.3d 98 (5th Cir. 1997); *Strickland v. Rankin County Correctional Facility*, 105 F.3d 972 (5th Cir. 1997).

[5]   *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir.1994) (reviewing a § 1915 dismissal for abuse of discretion).

[6]   *Id*. at 9.

[7]   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

to the level of "subjective recklessness".[8] Mere negligence or mistaken medical treatment is not enough.[9]

In the present case, Norton was seen and treated by the medical and dental staffs of the prison on numerous occasions. And, adjustments were made to accommodate Norton's condition. This type of prompt attention is not consistent with deliberate indifference to Norton's medical needs. At most, the prison staff was negligent in failing to provide dentures. Their efforts to care for Norton through other means and treatments does not rise to the level of deliberate indifference. Norton's claim is frivolous. The district court did not abuse its discretion.

The judgment is AFFIRMED.

---

[8] *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

[9] *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).