IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10906
Summary Calendar
_____

VAN LEE BREWER ET AL.,

Plaintiffs,

VAN LEE BREWER,

Plaintiff-Appellant,

versus

B. WILKINSON ET AL.,

Defantants,

B. WILKINSON, Mail Room Clerk,
Texas Department of Criminal Justice,
Institutional Division, CYNTHIA CALLAWAY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:91-CV-143
--------------------

August 3, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

On February 26, 1996, Van Lee Brewer (TDCJ # 527494) filed a timely notice of appeal of a judgment in favor of the defendants following a jury trial of his civil rights complaint. Subsequently, a member of this court directed that in order to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) on appeal, Brewer must comply with the requirements of the Prison Litigation and Reform Act (PLRA). Concluding that Brewer had failed to comply with such order, the district court entered an order denying Brewer IFP status. The clerk of this court entered an order dismissing the appeal for want of prosecution. Brewer filed in the district court a Fed. R. Civ. P. 60(b) motion for relief of its judgment denying him IFP status. It is from the district court's denial of such motion that Brewer now appeals.

Brewer contends that the district court should have granted him Rule 60(b) relief for a myriad of reasons. He also argues that the PLRA did not apply to his appeal.

Brewer's argument that the PLRA is inapplicable in this case is without merit. See <u>Strickland v. Rankin County Correctional Facility</u>, 105 F.3d 972, 973-74 (5th Cir. 1997). Moreover, none of the various arguments advanced by Brewer establishes that the district court abused its discretion by denying his Rule 60(b) motion. See <u>Travelers Ins. Co. v. Liljeberg Enter.</u>, 38 F.3d 10404, 1408 (5th Cir. 1994). Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.