IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30347
Summary Calendar
_____

JOSEPH V. FOSTER, JR.,

                                        Plaintiff-Appellant,

                    versus

ANHEUSER BUSCH COMPANIES, INC., and
all  subsidiaries, either marketing,
manufacturing, transporting, and/or
selling its product known, hereinafter
as Budweiser Beer,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CV-327-C
_____
February 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Joseph Foster, Louisiana prisoner #75808, proceeding pro se
and in forma pauperis (IFP), appeals the district court's dismissal
of his products liability suit against Anheuser Busch for its
manufacturing and marketing of Budweiser Beer.  Foster's district
court pleadings demonstrate his ability to adequately present his
claims.  His motion for the appointment of counsel is DENIED.  See
Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Foster asserted a wrongful death action and a survival action based upon his wife's alcoholism, her alcohol-related problems, and her death in 1994. Adopting the magistrate judge's report, the district court dismissed the wrongful death action by a grant of a motion to dismiss and the court dismissed the survival action by summary judgment. The district court concluded that the wrongful death action was without merit under the Louisiana Products Liability Act (the "LPLA") and that the survival action was without merit because 1) Anheuser Busch was not liable under the LPLA, 2) the claim was prescribed because Anheuser Busch's actions ceased to be tortious with the enactment of the LPLA (September 1, 1988) and Foster failed to file his suit within a year thereof, and 3) the claim was without merit under pre-LPLA law.

On appeal, Foster argues that 1) the district court erred by not granting his request to recuse certain district court judges and all the magistrate judges, 2) the district court prematurely dismissed Foster's claims without requiring Anheuser Busch to answer and without allowing discovery, 3) Foster's survival action was not prescribed under a continuous tort theory, 4) the Prison Litigation Reform Act (the "PLRA") does not apply to Foster, his appellate filing fees should be returned, and the district court was in error for sua sponte raising the prescription issue, and 5) the PLRA violates Equal Protection and a prisoner's right of access to the courts.

2

Foster's recusal argument is conclusional and without merit. The denial of his motion in the district court was not an abuse of discretion. See United States v. MMR Corp., 954 F.2d 1040, 1044 (5th Cir. 1992). With respect to Foster's challenges to the premature dismissal of his case, Foster has not shown what evidence he would have presented had he been able to conduct discovery; nor did the district court have to wait for an answer to Foster's complaint to address the merits of his claims. See Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1980).

Although Foster argues that his survival action has not prescribed because the tort alleged in his complaint was a continuing one, Foster does not challenge the district court's conclusions that his claims were without merit under both the LPLA and the law in effect before the LPLA. Foster has thus waived this challenge, and he is not entitled to relief even if his claims were not prescribed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (appellant's failure to brief issue constitutes a waiver of the issue). Foster's challenges to the PLRA are without merit. See Strickland v. Rankin County Correctional Facility, 105 F.3d 972, 974 (5th Cir. 1997); Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997); Norton v. Dimazana, 122 F.3d 286, 290 (5th Cir. 1997).

The district court's dismissal of Foster's suit is

AFFIRMED;

3

MOTION DENIED.