IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NoS. 00-50508 & 01-50330
USDC No. MO-00-CV-2
_____

OSCAR L. SHAW,

Plaintiff-Appellant,

versus

JOHN INGRAM; MATTHEW BLAIR; JOHN E. WESTBROOK;
WELDON RALPH PETTY; GEORGE D. GILLES; VIVIAN WOOD;
JERRY SHORTES; GARY PAINTER; MARK DETTMAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
August 15, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The motion filed by Oscar L. Shaw, Texas inmate # 646048,

directed to the Chief Judge, is construed as a motion to

reinstate the appeal in No. 00-50508 and is GRANTED.  The appeal

in No. 00-50508 is consolidated with the instant appeal.

Shaw's motion for leave to proceed *in forma pauperis* ("IFP")

on appeal is GRANTED, and the case is remanded to the district

court for proceedings consistent with this opinion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A civil action or appeal which is dismissed as frivolous, malicious, or for failure to state a claim is considered a "strike" under 28 U.S.C. § 1915(g).  *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

The proceedings in "*Shaw v. Pittman*, 03780 (S.D. Tx. 1996)" and in "*Shaw v. Figueroa*, 01958 (S.D. Tx. 1998)" did not result in "strikes" under 28 U.S.C. § 1915(g).  The dismissal in *Pittman* was not on the grounds of maliciousness, frivolousness, or for failure to state a claim; the district court dismissed the action for failure to comply with a court order.  On appeal, we remanded the case in *Figueroa*.  The proceedings in "*Shaw v. Ingram*, 00108 (W.D. Tx. 1996)" did not result in a strike because the Prison Litigation Reform Act, of which 28 U.S.C. § 1915(g) is a part, does not apply to habeas corpus petitions.  *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

In "*Shaw v. Painter*, 00173 (W.D. Tx. 1992)," the district court granted judgment as a matter of law on equal protection and due process claims and dismissed as frivolous pursuant to 28 U.S.C. § 1915 an Eighth Amendment claim.  It is not clear whether the district court's dismissal under 28 U.S.C. § 1915 referred to the entire complaint or to the Eighth Amendment only.  If the entire complaint was dismissed as frivolous, then our affirmance constituted one "strike" under 28 U.S.C. § 1915(g).  *See Adepegba*, 103 F.3d at 387.  Upon remand, the district court shall determine whether the proceedings in *Painter* resulted in a "strike."  *See Arvie v. LaStrapes*, 106 F.3d 1230, 1232 (5th Cir. 1997) (remanding to determine if dismissal was a "strike").

The record provided no information concerning the proceedings in "*Shaw v. Blair*, 00020 (W.D. Tx. 1993)." Upon remand, the district court shall determine whether these proceedings resulted in a "strike." *See Arvie*, 106 F.3d at 1232.

Accordingly, the record does not support a finding that Shaw has three strikes under 28 U.S.C. § 1915(g). The case is therefore remanded for a determination whether Shaw has accumulated any strikes under 28 U.S.C. § 1915(g).

IFP GRANTED; APPEALS CONSOLIDATED; REMANDED.