# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2017

Lyle W. Cayce
Clerk

No. 16-30620

CHARLIE SPEARS,

Plaintiff-Appellant

v.

SHELTON SCALES, Correctional Officer, Louisiana State Prison; DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-11

Before JONES, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charlie Spears, Louisiana prisoner # 79473, moves to appeal in forma pauperis (IFP) the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). By moving to proceed IFP in this court, Spears is challenging the district court's certification that an appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's "inquiry is limited to whether the appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30620

involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 746 n.* (1967) (Stewart, J., dissenting); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1982)).

Spears's motion to proceed IFP does not address the basis for the district court's dismissal of his complaint or its certification decision. Instead Spears argues that: (1) the district court's refusal to certify his right to appeal IFP is a violation of the First Amendment and of his constitutional right to access the courts; (2) that he does not have any money to pay the filing fee; (3) that the district court discriminated against him because he is poor and proceeding pro se; and (4) that the district court is biased toward the state.

Spears has not shown that the district court harbors any prejudice against him or in favor of the defendants. A reasoned decision dismissing a plaintiff's claims does not raise an inference of bias. *Cf. United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986) ("The fact that the trial judge ruled against the defendant in an earlier appearance does not render the trial judge biased. Spears points to no other evidence of unfairness."). Moreover, Spears has failed to identify any errors in the district court's analysis. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (plaintiff's failure to identify any error in district court's analysis was "the same as if he had not appealed that judgment"). Although this court liberally construes pro se filings, even pro se litigants must brief arguments to preserve them. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993). Spears has therefore failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *See Howard*, 707 F.2d at 220.

Spears's appeal is without arguable merit and is frivolous. *See id.* at 219–20. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR.

2

No. 16-30620

R. 42.2.  The district court's dismissal of Spears's complaint for failure to state a claim under Rule 12(b)(6) counts as a strike under 28 U.S.C. § 1915(g) because he was incarcerated when he brought this action.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015); *Arvie v. Lastrapes*, 106 F.3d 1230, 1231–32 (5th Cir. 1997).  The dismissal of this appeal as frivolous also counts as a strike.  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).  Spears is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.