Petition of GOULANDRIS et al.

## THE IOANNIS P. GOULANDRIS.

### No. 226.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1944.

Reid, Cunningham & Freehill, of New York City (James E. Freehill, I. Maurice Wormser, and Renato C. Giallorenzi, all of New York City, of counsel), for appellants.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and John W. R. Zisgen, both of New York City, of counsel), for claimants-appellees.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from a decree dismissing a petition for limitation of liability. The case appears to be one of first impression. It involves a construction of the 1936 amendment of the Limitation of Liability Act, 46 U.S.C.A. § 185, which is printed in the margin in its amended form.[1]

---

[1] "§ 185. Petition for limitation of liability; deposit of value of interest in court; transfer of interest to trustee

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the

Before the amendment the rule was firmly established that a shipowner might litigate with adverse claimants the question of his liability, and even after final judgment had gone against him might still file his petition for limitation. The Benefactor, 103 U.S. 239, 26 L.Ed. 351; Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096. The amendment requires the petition for limitation to be filed within six months after a claimant shall have given the shipowner written notice of claim. It is conceded by the plaintiff that the purpose of the six months provision was to change the old rule and require the shipowner to act promptly in asserting the right to limit his liability. That this was the legislative purpose has been generally recognized. The Fred Smartley, Jr., 4 Cir., 108 F.2d 603, 607, certiorari denied 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027; The Grasselli Chemical Co. No. 4, D.C.S.D.N.Y., 20 F.Supp. 394, 395; The Bright, D.C.Md., 38 F.Supp. 574, 577, affirmed 4 Cir., 124 F.2d 45; Benedict, Admiralty 6th ed. § 483.

In the case at bar the petition was filed on November 3, 1941, which was one day before the six months period expired. It was accompanied by a stipulation for costs in the sum of $250; but the petitioners did not, within the six months or at any time before the decree of dismissal, "deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel or freight, or approved security therefor", nor did they transfer their interest in the vessel and freight to a trustee appointed by the court. The district court construed the statute to require them within the prescribed six months not only to file their petition but also to transfer their interest in the vessel and her pending freight or to deposit its value or give approved security therefor.

The appellants contend here, as they did in the district court, that the statute requires merely the filing of the petition within the six months period, leaving undisturbed the power of the court to determine in accordance with its established rules of practice the amount of the appropriate limitation fund and the date when it must be furnished. They base their argument upon general Admiralty Rule 51, 28 U.S.C.A. following section 723 and a statement in House Report No. 2517 of the 74th Congress 2d session. This report after reviewing the proposed amendment concludes with the statement: "With the exception of the provision relating to the time for filing the petition for limitation of liability, and the provision relating to the additional sums which must be turned over, either to Court or the Trustee, the proposed Amendment in substance follows Rule 51 of the United States Supreme Court Admiralty Rules." Admiralty Rule 51 provides that the shipowner may file a petition "setting forth the facts and circumstances on which said limitation of liability is claimed, and praying proper relief in that behalf; and thereupon said court, having caused due appraisement to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel and her freight, for the voyage, shall make an order for the payment of the same into court, or for the giving of a stipulation with sufficient sureties * * * for the payment thereof into court with interest * * *; and, upon compliance with such order, the said court shall issue a monition against all persons claiming damages * * *." Since the rule contemplates that "due appraisement" and a court order shall precede the giving of security, the appellants urge that if the security must be furnished within the six months period allowed by the present statute for filing the petition, the time for initiating the limitation proceeding will necessarily be reduced to less than the specified six months, contrary to the expressed intent of the statute. Attention is called to Ore Steamship Corp. v. D/S A/S Hassel, 2 Cir., 137 F.2d 326, 329, where this court held that a statute requiring a suit for cargo damage to be brought within one year after delivery of the cargo was satisfied by the filing of a libel, although the court's jurisdiction to proceed either in rem or in personam does not exist until seizure of the vessel or service of process. The appellants, who reside in Greece, also stress the hardship resulting from the court's construction of

---

benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of

section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

the statute, because they were unable either to surrender the vessel, which had been requisitioned by the Greek Government, or to post security for its value since their funds in the United States had been "frozen" by a Presidential order effective April 28, 1941.[2]

But in urging these arguments the appellants disregard the fact that the prayer of their petition for limitation of liability is peculiar and not in the usual form. Thus paragraph (1) of the prayer asked the court "upon further application of the petitioners" to cause due appraisement to be made; and the quoted phrase is repeated in paragraph (2) as to ordering the petitioners to file a stipulation with sureties, in paragraph (3) as to issuance of a monition to all persons claiming damages, and in paragraph (4) as to issuance of an injunction. The petition as filed contemplates that nothing is to be done until "further application" by the petitioners. If such a petition is to be deemed compliance with the statute, it is obvious that the purpose of the 1936 amendment will be defeated. The shipowner will be able to continue to litigate with adverse claimants,[3] and then months or years later infuse life into the limitation proceeding by "further application" to the court. Such a method of evading the six months' time limit should not be sanctioned. Nor need it be. The petition was not one "praying proper relief in that behalf" within the meaning of Admiralty Rule 51. See the customary forms printed in 3 Benedict, Admiralty, 6th ed. pp. 488, 489. The customary practice in limitation proceedings is for the petitioner to file with his petition affidavits supporting his estimate of the value of his interest in the vessel and her pending freight, accompanied by an ad interim stipulation for value in the amount of such estimate, and to obtain an ex parte order approving the ad interim stipulation. See Hartford Accident Co. v. Sou. Pacific, 273 U.S. 207, 211, 212, 47 S.Ct. 357, 71 L.Ed. 612. As stated by Chief Justice Taft at page 217 of 273 U.S., at page 359 of 47 S.Ct., 71 L.Ed. 612, "The jurisdiction of the admiralty court attaches in rem and in personam by reason of the custody of the res put by the petitioner into its hands." If an appraisal is asked for, the court will, as of course, enter an order for appraisal. Benedict, Admiralty, 6th ed. § 500. In Huasteca Petroleum Co. v. Cia. De Nav. Lloyd Brasileiro, D.C.E.D.N.Y., 297 F. 318, 319 it appears that a petition of limitation of liability was filed on December 5th, but no stipulation for any alleged value of the vessel was filed at that time; the court appointed appraisers who filed their report on December 6th. Had the appellants accompanied their petition with an ad interim stipulation and prayer for an order approving it, or if within the six months period they had sought to obtain an order for due appraisement of their vessel and her pending freight, it may well be that they would have complied with the statute, although the court's order and the actual furnishing of the limitation fund occurred after expiration of that period. This precise question is not before us and need not be now decided. All we decide is that the petition as filed, with nothing further done within the six months, did not satisfy the statutory requirement. We think the appellees are correct in urging that in reality what the petitioners did amounted to no more than filing with the court a notice of their intention at some future time to initiate a proceeding for limitation of liability.

The decree of dismissal is affirmed.

---

[2] A somewhat similar argument was answered in The Titanic, 233 U.S. 718, 734, 34 S.Ct. 754, 58 L.Ed. 1171.

[3] Adverse claimants need be given no notice of the filing of the limitation petition, nor is it feasible for them to try to learn of it from the records of the district courts. Admiralty Rule 54, 28 U.S. C.A. following section 723, permits the limitation proceedings to be had in the district court of any district in which the vessel may be, if the vessel has not been libeled nor the owners sued in a district where she is. Consequently unless claimants should investigate the court records in every district into which the vessel might go during the six months period, they could not ascertain whether or not a petition had been filed.