United States Court of Appeals,

Fifth Circuit.

No. 94-30403.

Patricia Ann GUEY, as owner of the Baron (now known as the Hustler, C.G. La. 2317-E.J.), seeking exoneration from or limitation of liability in re, Patricia Guey, Cross-Claimant-Appellee,

v.

GULF INSURANCE COMPANY, Cross-Defendant-Appellee,

Shirley Perkins, individually and on behalf of Michael Penn, Claimants-Appellants.

March 2, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before VAN GRAAFEILAND,[*] JOLLY and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The question presented in this case is whether, under 46 U.S.C.App. § 185, in a limitation of liability proceeding, the failure to post bond in an amount equal to the owner's interest in the vessel within six months following notice of a claim is jurisdictional. We hold that it is not jurisdictional.

I

On July 4, 1992, a boat owned by Patricia Ann Guey, and operated by Louis Butz collided with another boat operated by Scott Helmer. Michael Penn, a passenger aboard the vessel operated by Helmer, was seriously injured. Shirley Perkins, individually and on behalf of Penn, brought suit against Guey and Butz in state

---

[*]Circuit Judge of the Second Circuit, sitting by designation.

1

court under 28 U.S.C. § 1333, alleging negligent entrustment and owner responsibility. Approximately two months later on January 7, 1993, Guey brought a limitation of liability action under 46 U.S.C.App. § 185 in the United States District Court for the Eastern District of Louisiana. Guey did not post security equal to her "interest in the vessel" as set out in section 185. Instead, she contended in her affidavit filed with her complaint that her "interest in the vessel" following the accident was zero dollars because the amount owed on the boat exceeded its value. On April 23, 1993, Guey filed a cross-claim against Gulf Insurance Company ("Gulf"), which provided insurance coverage on the boat, arguing that Gulf must post security for the limitation action. On July 2, 1993, the district court ordered Gulf to provide security for Guey's limitation action in the amount of Guey's interest in the boat, without reduction by the amount of any outstanding liens on the boat. Gulf provided this security on July 12, 1993.[1] The district court then stayed all further proceedings pending the termination of the limitation proceeding. On October 28, 1993, Perkins answered the complaint and filed a claim for damages in Guey's limitation action. On June 22, 1994, the district court denied Perkins's motion for summary judgment, which sought dismissal of Guey's limitation action on grounds that she, through Gulf, failed to post security within six months of notice of a

---

[1]The district court originally dismissed without prejudice the limitation action for failure to post the proper security, but later vacated this judgment and ordered Gulf to provide the appropriate security.

claim, as allegedly required by 46 U.S.C.App. § 185.  The district court denied summary judgment and held that although Guey and Gulf failed to post security within six months from the notice of the claim, "[s]ecurity was posted in a timely manner following the [district c]ourt's order" to do so.  Perkins appeals.

## II

### A

We review a denial of a motion for summary judgment *de novo,* applying the same standard as that used by the district court. *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711 (5th Cir.1985).  Interlocutory orders concerning the amount of security are appealable.  *In re Talbott Big Foot, Inc.,* 854 F.2d 758, 760 (5th Cir.1988).

### B

Perkins contends that Guey's and Gulf's failure to post the required security within six months after receiving notice of Perkins's claim requires the dismissal of this action.  She argues that such a timely posting of security is required under both Rule F(1) of the Supplemental Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims and 46 U.S.C.App. § 185, and thus is a jurisdictional prerequisite to this suit.

Rule F(1) provides that:

Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court ... for limitation of liability pursuant to statute.  The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel ..., or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary

3

to carry out the provisions of the statutes as amended ...
SUPP.FED.R.CIV.P. F(1). This rule incorporates in substance 46 U.S.C.App. § 185, which states:

> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of a claim, may petition a district court ... for limitation of liability within the provisions of this chapter and the owner (1) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel ...

46 U.S.C.App. § 185. Upon motion of the claimant, the court can increase the amount of security provided by the vessel owner on the ground that the amount provided is less than the vessel owner's interest in the vessel. SUPP.FED.R.CIV.P. F(7).

C

Together with her complaint, Guey filed Affidavits of Value establishing the value of the boat after the accident as $15,730.85, and the debt owed on the boat as $19,045.00. Because the debt owed on the boat exceeded its value, Guey took the position that her interest in the boat was zero. She, thus, posted no security in conjunction with her limitation of liability suit until the district court ordered her insurance provider, Gulf, to post adequate security. This posting of security occurred more than six months after the notice of the initial claim. She argues that the district court cannot dismiss her case for inaccurately estimating the value of her interest in the boat. In reliance on *Black Diamond S.S. Corp. v. Robert Stewart and Sons Ltd.,* 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754 (1949), she argues that posting an inadequate bond is not a jurisdictional defect, and as such, the

4

district court retains jurisdiction even though security is not properly posted. *Black Diamond,* 336 U.S. at 395, 69 S.Ct. at 627, 93 L.Ed. at 762.

D

It is clear that neither Rule F nor section 185 by their express terms mandate simultaneous filing of the complaint and posting of the security. Instead, the plain language of Rule F and section 185 requires that only the complaint be filed within the six months following notice of a claim. The Advisory Committee Notes following Rule F support this straightforward and unalloyed reading of the Rule and state that Rule F(1) "make[s] it clear that the complaint may be filed at any time not later than six months after a claim has been lodged with the owner," but is silent as to any possible time limitations on the posting of security. SUPP.FED.R.CIV.P. F(1) advisory committee's note. Thus, our reading of the statute indicates that posting the bond within the six months following notice of a claim is not jurisdictional.

Although *Black Diamond's* facts are not identical to the facts of this appeal, we think this case fully supports a conclusion that the posting of the security within the six-month period is not jurisdictional. The vessel owner, Black Diamond, filed a petition and actually posted security, but in an amount that was less than the value of the vessel. *Black Diamond,* 336 U.S. at 391, 69 S.Ct. at 624, 93 L.Ed. at 761. The district court dismissed the petition on the ground that Black Diamond had failed to file a bond in the proper amount, that is, in an amount equal to the value of the

5

vessel.  *Id.* at 391-93, 69 S.Ct. at 624-26, 93 L.Ed. at 761.  The court of appeals affirmed the dismissal of the petition on essentially the same grounds assigned by the district court, although applying a different rationale.  *Id.* at 392, 69 S.Ct. at 625, 93 L.Ed. at 761.  The primary question addressed by the Supreme Court was whether the limitation of liability statute permitted a concursus of all the claims against the vessel when the vessel owner did not concede that the total claims against the vessel exceeded its value, and, consequently, had posted a bond in an amount less than the value of the vessel.  *Id.* at 389, 69 S.Ct. at 624, 93 L.Ed. at 760.  The Supreme Court, in reaching its conclusion that Black Diamond was entitled to a concursus notwithstanding whether the total claims exceeded the value of the vessel, held that the inadequate bond was not a jurisdictional defect under section 185.  *Id.* at 395, 69 S.Ct. at 627, 93 L.Ed. at 763.  Although the vortex of the controversy in *Black Diamond* was not the six-month limitation period, as it seems to be in the case before us, and although Black Diamond posted some security within the six-month period when Guey posted none, the clear legal inference to be drawn from the *Black Diamond* opinion is that Perkins has not raised a jurisdictional question in the case before us today.

Perkins argues, however, that to hold that the posting of the bond within the six-month period is not jurisdictional conflicts with the hoary Second Circuit case of *Petition of Goulandris,* 140 F.2d 780 (2d Cir.1944).  Although it is true that the district

6

court in that case construed section 185 to require a ship owner to post adequate security within the six-month prescribed period, the circuit court's holding was not so precise. *Petition of Goulandris,* 140 F.2d at 782. Writing for the court, Judge Swann observed that the petition for limitation there did not seek the customary and proper relief contemplated by section 185. *Id.* Instead, by refusing to surrender the vessel or to post adequate security, the vessel owners sought an indefinite postponement of the limitation proceeding until "further application by the petitioners." *Id.* Thus, the court of appeals fashioned a holding that was essentially fact specific to the case before it: "All we decide is that the petition as filed, with nothing further done within the six months, did not satisfy the statutory requirement." *Id.*

To be sure, our court has already determined that *Petition of Goulandris* does not stand for the proposition that the posting of the bond is jurisdictional. In *Oil Transport v. Verret,* 278 F.2d 464 (5th Cir.1960), *judgment vacated as moot,* 365 U.S. 768, 81 S.Ct. 911, 6 L.Ed.2d 83 (1961)—a case much like ours today—the bareboat charterer and owner of a sunken vessel filed a limitation proceeding within six months, but, stating that the sunken vessel was worthless, failed to post any security within the six-month period. *Oil Transport,* 278 F.2d at 465. The trial court denied the petitioners the benefit of the limitation statute because of their failure to post security within six months of the filing of a claim against the vessel. *Id.* at 466. The case presented the

7

question of whether the failure to post adequate security within the six-month period of time was jurisdictional. *Id.* Judge Tuttle, writing for the court, held that when the vessel owner believes in good faith that the vessel is worthless, no bond need be posted to claim the benefits of the limitation of liability statute. *Id.* In reaching his conclusion, Judge Tuttle observed that *Petition of Goulandris* did not require as a jurisdictional prerequisite the posting of a bond in the good faith circumstances that he found in the facts before him.

Before concluding, we should observe that although Rule F and section 185 impose no mandatory time limitations on the posting of a bond, clearly the better practice is to require timely posting of a bond, so that the litigation may be expediently resolved. The district court is free, and, indeed, is encouraged to exercise its discretion and require prompt filing of the bond once the complaint is filed. The district court surely may enforce such orders with the proper sanctions, including dismissal of the limitations proceedings *in the appropriate case.* We only hold that under section 185 the simultaneous posting of security with the petition—or the posting of security within six months—is not a jurisdictional requirement.

E

We conclude by observing that although Guey initially posted no amount of security, her boat insurer, Gulf, promptly filed an adequate bond when ordered to do so by the district court. We agree with the district court that in this case "security was

8

posted in a timely manner following the [district c]ourt's order" to do so. Because we hold that posting security within the six months following notice of a claim is not a jurisdictional requisite by the terms of Rule F and section 185 and because the court did not abuse its discretion in concluding that the security was otherwise timely posted, we AFFIRM the district court's judgment denying Perkins's motion for summary judgment.

                                    III

For the foregoing reasons, the judgment of the district court is

AFFIRMED.