# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2014

Lyle W. Cayce
Clerk

CARL FOX, III,

Plaintiff – Appellant

v.

THE STATE OF MISSISSIPPI, Jim Hood, Attorney General; PEARL RIVER VALLEY WATER SUPPLY DISTRICT, Ross Barnet Reservoir, An Agency of the State of Mississippi; DAVID SESSUMS, Reservoir Police Lieutenant; FRED COATS, Reservoir Police Deputy; PERRY WAGNER, Reservoir Police Chief; BENNY FRENCH, also known as Bemmy French; JOHN SIGMAN, Current General Manager, Pearl River Valley Water Supply District,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-377

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Carl Fox, III ("Fox"), sued Defendants-Appellants, under the American with Disabilities Act (ADA), 42 U.S.C. § 1983, 42 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60148

§ 1985, and state law.  The district court dismissed Fox's claims with prejudice.
We AFFIRM.

## FACTUAL BACKGROUND

Fox alleges that, on July 5, 2008, and July 9, 2009, he was assaulted, battered, and wrongfully detained by officers of the Ross Barnet Reservoir Patrol, the law enforcement agency of the Pearl River Valley Water Supply District, due to his status "as a vulnerable adult."  Following the 2008 incident, Fox was charged with disobeying law enforcement, resisting arrest, and disturbing the peace; he was again charged with disturbing the peace after the 2009 incident.  The 2008 and 2009 charges against Fox were dropped.  In June 2011, Fox filed this suit against the State of Mississippi, the Pearl River Valley Water Supply District ("the District"), David Sessums, Fred Coats, Perry Waggener, Benny French, and John Sigman.  Although Fox's complaint is unclear, it appears that his legal claims included assault and battery, excessive force, violations of the Americans with Disabilities Act ("ADA"), civil rights violations pursuant to § 1983, and conspiracy to interfere with civil rights under § 1985.  Defendants moved to dismiss Fox's complaint.  The district court subsequently dismissed all claims with prejudice.  Fox timely appealed.

## STANDARD OF REVIEW

We review *de novo* a district court's dismissal under Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."  *Stokes v. Gann*, 498 F.3d 483 (5th Cir. 2007).  To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007)).  We review the district court's dismissal of a lawsuit for failure to prosecute pursuant to Rule 41(b) for abuse of discretion.  *Link v. Wabash Railroad*

*Company*, 370 U.S. 626, 633 (1962).  Finally, we review the district court's determination regarding insufficient service of process under Rule 12(b)(5) for abuse of discretion.  *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## DISCUSSION

Fox makes four arguments challenging the district court's dismissal of his claims.  First, he argues that the district court erred in its finding that he failed to plead the elements of an ADA claim.  Second, he argues that the district court erred in holding that Eleventh Amendment immunity barred his § 1983, § 1985, and state law claims against the State of Mississippi, the District, and Chief Waggener, Lieutenant Sessums, Deputy Coats, Mr. French, and Mr. Sigman in their official capacities.  Third, Fox asserts that the district court abused its discretion in finding that Waggener and Coats were improperly served with process as required under Federal Rule of Civil Procedure 4(e) and Mississippi Rule of Civil Procedure 4(d)(1), and requiring additional service to avoid dismissal under Federal Rule of Civil Procedure 12(b)(5).  Finally, Fox maintains that the district court erred in dismissing his § 1983 and § 1985 claims against Sessums, Sigman, and French in their individual capacities for failure to prosecute and comply with the court's orders.  All four arguments fail.

### A.    Americans with Disabilities Act (ADA) Claim

In order to establish a violation of Title II of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disabilities.  *See* 42 U.S.C.A. § 12132.  In an abundance of caution, the district court presumed the first two elements, but correctly noted the absence of any nexus alleged as to the third.  Fox's bare

assertion of an ADA violation is insufficient. Fox fails to allege any facts that plausibly suggest that any exclusion from benefits, denial of services, or discrimination he may have suffered was on account of a qualifying disability. As Fox failed to plead the elements of an ADA claim, the district court acted properly in dismissing his ADA claim as to all defendants.

### B.     Eleventh Amendment Immunity

"The Eleventh Amendment bars suits by private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted). Fox does not dispute that the District is an agency of the State of Mississippi. As the State of Mississippi has not waived its immunity, the district court properly dismissed Fox's claims against Mississippi and the District and against Waggener, Sessums, Coats, French, and Sigman in their official capacities.

### C.     Improper Service of Process

After considering the ADA claims and Eleventh Amendment defense, the only claims still at issue are Fox's § 1983 and § 1985 claims against five District employees (Sessums, Waggener, Coats, Sigman, and French) in their individual capacities. The district court found that Fox failed to properly serve Waggener and Coats as the process server served their copies of the summons and complaint upon Sessums. Neither Federal Rule of Civil Procedure 4(e) nor Mississippi Rule of Civil Procedure allow service of a summons and complaint to a co-defendant. After Defendants challenged the service, the district court granted Fox an extension of time to properly serve the Defendants within thirty-three days and ordered him to file a Rule 7 reply within fourteen days of service. Despite additional extensions, Fox failed to serve Waggener and Coats or file a Rule 7 reply. The district court thus properly dismissed Fox's claims against Waggener and Coats pursuant to Rule 41(b). *See Larson v.*

*Scott*, 157 F.3d 1030, 1031 (5th Cir. 2008) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with a court order.").

### D.    Failure to Prosecute

Sessums, Sigman, and French all asserted qualified immunity against the § 1983 and § 1985 claims brought against them in their individual capacities. "Qualified immunity shields government officials from civil damages liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 578 (5th Cir. 2009) (quotation marks and citations omitted). To assist the court and the parties in evaluating Defendants' assertions of qualified immunity, the district court ordered Fox to file within thirty-three days a brief stating what Sessums, Sigman, and French did to him, and why these facts show a constitutional violation under § 1983 and a conspiracy to violate the constitution under § 1985. The court twice extended the deadline, but Fox never complied with the order. Fox's failure to identify specific acts or omissions of Sigman, French, or Sessums which violated his constitutional rights and to comply with the court's orders constitutes a failure to prosecute. As a federal trial court possesses authority to dismiss *sua sponte* for lack of prosecution, *Link*, 370 U.S. at 629-30, the district court properly dismissed these claims under Rule 41(b). *Larson*, 157 F.3d at 1031.

### CONCLUSION

Accordingly, we AFFIRM the district court's order of dismissal.