# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2020

No. 19-30918

Lyle W. Cayce
Clerk

In re: In the Matter of the Complaint of PROSPER OPERATORS, INCORPORATED as Operators of the M/V Amber, for Exoneration From or Limitation of Liability

PROSPER OPERATORS, INCORPORATED, as operator of the M/V Amber,

> Petitioner - Appellant

v.

MITCHELL NAVARRE,

> Claimant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1363

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Prosper Operators, Inc. (Prosper) appeals the district court's order dismissing its complaint for failure to comply with Supplemental Rule of Civil Procedure Rule F(4). Prosper also seeks review of its motion for summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30918

judgment, which the district court denied.  Because we find that Prosper's noncompliance with Rule F(4) was proper grounds for dismissal, we affirm the order dismissing Prosper's complaint and do not reach arguments regarding summary judgment.

I.

On June 14, 2015, Mitchell Navarre was working at his assigned post for Prosper Operators, Inc. at the Sweet Lake oil production field in Cameron Parish, Louisiana.  As a Class C Operator, Navarre traveled by boat to the wells on the lake to, among other things, perform maintenance and operate some of the surface production equipment.  He performed these tasks from stationary platforms that are affixed to the wells.  On that particular day, Navarre's boat, the "Amber," began to float away from the well[1] platform that he was working from, and he was injured attempting to jump from the well platform back onto the Amber. Navarre alleges that the defective condition of the platform and the unseaworthy condition of the vessel were the causes of his injuries.

The procedural history of this case is more convoluted.  Navarre filed suit against Prosper in the Cameron Parish Louisiana state court on April 7, 2016, asserting, *inter alia,* personal injury claims under the Jones Act, 46 U.S.C. § 30104.  Prosper initiated a second action in the United States District Court for the Western District of Louisiana on September 28, 2016, seeking to limit its liability under the Limitation Act, 46 U.S.C. App. § 181 *et seq.*  The district court issued an order approving Prosper's action and directing Prosper, in accordance with Supplemental Rule of Civil Procedure F(4), to send direct notice of its action to known claimants and to publish notice of its action in the Lake Charles American Press for four weeks prior to April 14, 2017.

---

[1] Texas Petroleum Investment Company ("TPIC") is the owner of this particular well.

No. 19-30918

Navarre was first notified of this latter action by two letters from Prosper's counsel dated January 18 and January 25, 2017.  Upon receipt of the letters, Navarre moved to dismiss Prosper's claim under Federal Rule of Civil Procedure 12(b)(5), arguing that the letters were insufficient service under Rule 4(m).  Prosper, for its part, responded that its neglect should be excused because it believed the court would send out notice of its limitation action.[2]  In an order dated August 14, 2017, the court explained that it was Prosper's duty to publish notice in the newspaper and to mail notice to claimants.  Still, it denied the motion to dismiss because Navarre had received actual notice of the Limitation Action by way of the January 25, 2017 letter.

Two years later, on February 20, 2019, Prosper filed a motion seeking an extension of time to publish notice in the newspaper.  Navarre opposed the motion and filed a second motion to dismiss, arguing this time that Prosper had not fulfilled its obligations under Supplemental Rule F(4).  While those competing motions were pending, Prosper filed a motion for summary judgment.  On July 26, 2019, the magistrate judge granted Prosper's motion to extend, and on August 23, 2019, the district judge denied Prosper summary judgment.  Then, on September 5, 2019, after Navarre objected to the order granting the extension, the district judge vacated the magistrate's order, denied the motion to extend, and granted Navarre's motion to dismiss.  Prosper appeals both the order dismissing its limitation action and the order denying it summary judgment, but we need only reach the 12(b) dismissal.

## II.

A district court's order of dismissal for insufficiency of service of process is reviewed for abuse of discretion.  *Fox v. Mississippi*, 551 F. App'x 772, 774

---

[2] Before Navarre's motion could be decided, the case was listed as unassigned and then reassigned to Judge James T. Trimble on August 11, 2017.

(5th Cir. 2014) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990)). "[A]n abuse of discretion standard does not mean a mistake of law is beyond appellate correction, because a district court by definition abuses its discretion when it makes an error of law." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (internal citations omitted).

## III.

Among the many special rights, duties, rules, and procedures of maritime law is a vessel owner's right to file under the Limitation Act. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); 46 U.S.C. App. § 181 *et seq.* The Act allows "a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."[3] *Lewis,* 531 U.S. at 446. To invoke the Act's protections, a vessel owner must bring an action in district court "within 6 months after a claimant gives the owner written notice of a claim." *In re The Complaint of RLB Contracting, Inc., as Owner of the Dredge Jonathan King Boyd its Engine, Tackle, Gear for Exoneration or Limitation of Liab.*, 773 F.3d 596, 602 (5th Cir. 2014) (citing 46 U.S.C. § 30511(a) (2012)).

After the complaint is filed, Supplemental Rule F(4) of the Federal Rules of Civil Procedure mandates that notice of the vessel owner's action shall be issued to "all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof." FED. SUPP. R. CIV. P. F(4). And it further requires that "[t]he notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims."

---

[3] Congress passed the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Id.*

No. 19-30918

*Id.* But the rule does provide that "[f]or cause shown, the court may enlarge the time within which claims may be filed."[4]  *Id.*

Here, the district court found that Prosper failed to show cause and that granting such an extension would prejudice known and potential claimants. It therefore vacated the magistrate judge's order granting the motion for an extension. And, because Prosper's time to comply with Supplemental Rule F(4) had expired, the court concluded that its limitation action should be dismissed under Rule 12(b)(5).[5]  In so holding, the court considered first, that Prosper failed to "give notice to potential claimants, even after learning through the first motion to dismiss (over two years ago) that it—rather than the court—was required to do so"; second, Prosper "had not excused two years of inaction"; and, third, Prosper did not dispute "that it could obtain the same relief in the state court proceeding."[6]

The rules of admiralty are "administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by

---

[4] In practice, this provision is almost exclusively cited by potential claimants who did not receive actual notice of the vessel owner's limitation action until after the window for filing claims passed.  Caselaw dealing with the circumstances, here, where the vessel owner seeks an extension is scarce.  *See In re Complaint of Marine Crewboats, Inc.*, No. CIV. A. 90-2714, 1991 WL 55852, at *2 (E.D. La. Apr. 5, 1991) (explaining that "[a] careful review of the law has revealed no judicial precedent in this matter" and dismissing the limitation action because the vessel owner failed to publish notice in a newspaper).

[5] We note that because Rule 4's service requirements differ from Supplemental Rule F(4)'s notice requirements, dismissal might be more appropriate under Rule 41(b) for failure to comply with a court order.  *See In re The Complaint of RLB Contracting, Inc.*, 773 F.3d at 601 n.4 ("[S]*ervice* under the state and federal rules of civil procedure with *notice* under the Limitation Act" cannot be conflated); s*ee also Marine Crewboats, Inc.*, 1991 WL 55852, at *2.  The distinction is ultimately irrelevant, however, because we review both for an abuse of discretion, *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 297 (5th Cir. 2016), and we can affirm on any grounds supported by the record, *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).  Prosper undoubtedly failed to comply with the court's order directing notice.

[6] The court also clarified that it would not revisit Judge Trimble's finding that Navarre was given actual notice through the January 2017 letters.  We note that, even if Prosper had raised it, there are no collateral estoppel or res judicata issues here, because Judge Trimble did not determine whether Prosper complied with its obligations to publish notice; he only held that Navarre was properly served.

technicalities or formal imperfections." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963).    The notice provisions of Supplemental Rule F are designed to warn potential claimants that they must file their claims within the monition period or lose them. *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990).    Because these provisions determine whether a claimant can file a claim, they are not excusable "technicalities" and requiring compliance with the notice provisions is not discretionary. *Texas Gulf*, 313 F.2d at 362; s*ee In re LeBeouf Bros. Towing, LLC*, No. 20-1314, 2020 U.S. Dist. LEXIS 84885, at \*11 (E.D. La. May 14, 2020).

With these principles in mind, we find that the district court's ruling does not, as Prosper contends, constitute an abuse of discretion.    Prosper's main grievance is with the district court's finding that TPIC, as a joint tortfeasor, was also a "potential claimant" who might suffer prejudice if the extension was granted.    Prosper's argument is misplaced.    We have held that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996).    But even if Prosper is correct that TPIC is not a potential claimant, Prosper has not undermined the district court's finding that Navarre, himself, would be prejudiced by an extension.    His underlying state action—which has already been stayed for three years due to the pendency of this limitation action—could be delayed, upsetting the trial schedule and resulting in an even lengthier stay.[7]    Thus, we cannot say that the district court abused its discretion in

---

[7] For this same reason, Navarre's other contention—that the district court erred in misapplying the standard of review to the magistrate judge's order—lacks merit.  Rather, the district judge properly recited that a reversal of a non-dispositive order was proper only where it was "clearly erroneous or contrary to law."  The district court proceeded to identify

finding that the balance of the competing interests weighed in favor of dismissing Prosper's action. *See Texas Gulf*, 313 F.2d at 363 ("The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed.").

We have sanctioned, and even encouraged, dismissing cases in the pursuit of judicial economy when, for example, a vessel owner failed to promptly post bond in accordance with Supplemental Rule F(1). *Guey v. Gulf Ins. Co.,* 46 F.3d 478, 481 (5th Cir. 1995) ("The district court surely may enforce such orders with the proper sanctions, including dismissal of the limitations proceedings *in the appropriate case.*"). Certainly, this is a case where dismissal in favor of judicial economy is appropriate. Prosper has inexcusably failed to comply with two orders of the court and has delayed Navarre's state court action by years in the process. Moreover, Prosper has not disputed that it could still pursue limitation as a defense in one consolidated proceeding in state court. *Karim v. Finch Shipping Co.*, 265 F.3d 258, 263 (5th Cir. 2001) ("[A] shipowner can set up [limitation] as a defense. . . in any court, including a state court.") (internal citations and quotations omitted). Disallowing Prosper to reap the benefits of the Limitations Act in federal court under these circumstances was well within "equitable latitude" vested in the district court sitting in Admiralty. *Cates v. United States*, 451 F.2d 411, 415 (5th Cir. 1971).

Though we find dismissal appropriate here, that is not to say dismissal is always appropriate when a vessel owner fails to comply with Rule F(4). Our holding today is limited to the facts presented herein.

---

a factual finding made by the magistrate judge that was clearly erroneous. Namely, that the extension would not prejudice "Navarre, as the only possible claimant to this matter."

IV.

Because we affirm the district court's dismissal of Prosper's claim, we need not reach the summary judgment order. For the reasons set forth above, the judgment of the district court is AFFIRMED.