**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-41441

_____


PAUL ALLAN LARSON,

                          Plaintiff-Appellant,

VERSUS

HERBERT S. SCOTT, et al.,

                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

October 26, 1998

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


     Paul Larson, a state prisoner, appeals the dismissal, for want of prosecution after failing to comply with a court order, of his *pro se* complaint.  Finding no reversible error, we affirm.


                              I.

     In a suit filed in October 1995, Larson asserted numerous claims, naming twenty-seven individual and institutional defendants.  In March 1996, the district court granted Larson's

request to proceed *in forma pauperis* ("IFP"). In July 1997, citing *Strickland v. Rankin County Correctional Facility*, 105 F.3d 972 (5th Cir. 1997), the magistrate judge *sua sponte* ordered Larson to file a new application to proceed IFP and a certification of his inmate trust account that complied with 28 U.S.C. § 1915(a), as amended by the newly-enacted Prison Litigation Reform Act (the "PLRA"),[1] within thirty days or pay a filing fee of $120. The magistrate judge warned Larson that failure to comply might result in dismissal of the complaint for want of prosecution.

Failing to heed the magistrate judge's warning, Larson instead filed an "objection" and moved the district court to rescind the order. The district court denied the "objection."

Thirty days later, the magistrate judge recommended that the court dismiss the complaint without prejudice for failure to prosecute, on the ground that Larson had not complied with the order to provide the PLRA-required financial information. Larson filed an "objection/traverse" in which he argued that the PLRA did not require him to submit new financial information to maintain his IFP status, because he had initiated suit and had been granted IFP status before the PLRA's effective date. Two months later, the district court dismissed the complaint without prejudice for want

_____

[1] The President signed the PLRA into law on April 26, 1996. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996).

2

of prosecution,[2] observing that the court had given Larson more than four months to comply with the order.

## II.

Construing Larson's brief liberally, as we must do with a *pro se* appellant, *see Peña v. United States*, 122 F.3d 3, 4 (5th Cir. 1997), we explicate his argument as claiming that the district court abused its discretion in dismissing his complaint for want of prosecution. A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *See* FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). But Larson argues that the magistrate judge and district court should not have applied the PLRA to him, as he had brought his case and had been authorized to proceed IFP before the PLRA's effective date, and hence a dismissal based on his non-compliance is improper.

We face, therefore, two issues: (1) whether the district court correctly applied § 1915(a)'s certification requirements to Larson despite his pre-effective date filing of the suit and (2) whether the district court abused its discretion in dismissing. Larson raises other issues, but we find them without merit and do not

---

[2] The court neglected to enter judgment in a separate document pursuant to FED. R. CIV. P. 58; because no party objected to the omission and the court plainly intended to end the litigation on the merits, we may and will exercise jurisdiction over the appeal. *See Whitaker v. Houston*, 963 F.2d 831, 833-34 (5th Cir. 1992).

3

address them.

A.

Whether the amended § 1915(a) applies to suits brought before and pending at the PLRA's effective date presents a question of law.  We review questions of law *de novo*. *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 369 (5th Cir. 1998).

Section 1915(a)(2), as amended by the PLRA, provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor" must file an affidavit listing his assets and submit a certified copy of his prison trust fund account.  In *Strickland*, we held that § 1915(a) applies to appeals pending before this court on the PLRA's effective date, and thus prisoners with pending appeals must refile with the required prison trust fund account statement and affidavit before we will consider the merits of their appeals. *See Strickland*, 105 F.3d at 973-74.  To maintain consistency in our interpretation of § 1915(a)(2), and seeing no reason why we should treat the case *sub judice* differently simply because it was in the district rather than appellate court when the PLRA went into effect, we extend *Strickland*'s holding to cases pending in the district court on the PLRA's effective date.

The PLRA requires a plaintiff to refile in compliance therewith during any part of a civil action up to the point of

4

decision.  Because Larson was seeking to bring a civil suit on the day the PLRA became law and continued to do so until the dismissal, the court had the statutory authority to order the filing of an application to proceed IFP that complied with the PLRA.[3]

B.

Having determined that the district court and magistrate judge correctly applied the PLRA's affidavit and certification requirements, we address whether the district court abused its discretion in dismissing the suit for want of prosecution/failure to comply with a court order.  We review a dismissal for want of prosecution or failure to obey a court order for abuse of discretion.  *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *McCullough*, 835 F.2d at 1127.

When the magistrate judge initially ordered Larson to file an affidavit and a certified copy of his inmate trust fund account statement, he warned Larson that failure to comply might result in dismissal.  The court then gave Larson more than four months to comply, and repeated its warnings of the consequences that would

---

[3] Larson presents an additional argument that misinterprets footnote 2 of *Strickland*.  We specifically rejected the view expressed in *Covino v. Reopel*, 89 F.3d 105, 107-08 (2d Cir. 1996), that the fee and filing provisions of the PLRA might not apply to cases that had progressed to some indeterminate stage by the time the PLRA became effective where sufficient resources had been expended as to justify excusing the IFP party from the PLRA's requirements.  We reiterate that "such prejudice" to a party in an advanced stage of litigation or appeal does not implicate *Landgraf* concerns.  *See Strickland*, 105 F.3d at 975 n.2.

follow should Larson ignore the order.  The district court acted well within the bounds of its discretion when it dismissed for want of prosecution.

AFFIRMED.[4]

---

[4] Larson's motion to enlarge the record is DENIED.