IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40038
Conference Calendar
_____

RAY WARMSLEY,

Plaintiff-Appellant,

versus

TIM WEST, In his Official, Personal & Individual Capacity;
PAUL GOMEZ, In his Official, Personal & Individual Capacity;
JOSEPH BRADY, In his Official, Personal & Individual Capacity;
WAYLON KELLY, In his Official, Personal & Individual Capacity;
TANYA HANLY, In her Official, Personal & Individual Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1907
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Landon Ray Warmsley, Texas prisoner #440277, appeals from the dismissal of his civil rights action for failure to prosecute. Warmsley moves for reimbursement of the costs of his appeal and an award of attorney fees. Warmsley's motion is DENIED.

Warmsley's action was dismissed because he failed to accept

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the magistrate judge's order assessing filing fees pursuant to the Prison Litigation Reform Act (PLRA). Warmsley argues that prison mailroom personnel are in violation of *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978), because the envelope containing the magistrate judge's Prison Litigation Reform Act (PLRA) assessment order was opened; that mailroom personnel are largely responsible for the dismissal of his action; that the dismissal of his action manifested the district court's prejudice against him; and that the dismissal of his action violated his right to petition the government for redress of grievances.

The dismissal of Warmsley's complaint without prejudice was not an abuse of discretion. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). Warmsley's appeal is without arguable merit and is frivolous. Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). We caution Warmsley that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.