IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11471
Summary Calendar
_____

RAY WARMSLEY, on behalf of the Families of
Prisoners and all Prisoners who are upon and after
the filing of this action similarly situated as
the Plaintiff Class,

Plaintiff-Appellant,

versus

ALLEN POLUNSKY, and Members of the Texas Board of
Criminal Justice, and all Texas Department of Criminal
Justice -- Institutional Division's Prison Security Guards,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-192-C
---------------------
February 4, 2000

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ray Warmsley, Texas prisoner #440277, appeals from the

dismissal of his civil rights complaint without prejudice and the

denial of his motion to reinstate his complaint.  Warmsley moves

for reimbursement of the costs of his appeal and an award of

attorney fees.  Warmsley's motion is DENIED.

Warmsley's complaint was dismissed because he did not comply

with the district court's order assessing him pursuant to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Prison Litigation Reform Act (PLRA) within the time allowed by the district court. Warmsley contends that the district court erred by dismissing his complaint and denying his motion for reinstatement because he did all in his power to ensure the submission of the initial partial filing fee.

The dismissal of Warmsley's complaint without prejudice was an abuse of discretion. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The district court made no inquiry regarding whether Warmsley had complied with the initial partial filing fee order. Prisoners have no control over the processing of their prison trust-fund withdrawals after they have consented to those withdrawals, when consent is required. We hold that it is an abuse of discretion for a district court to dismiss an action for failure to comply with an initial partial filing fee order without making some inquiry regarding whether the prisoner has complied with the order.

If a prisoner appears not to have complied with the district court's initial partial filing fee order within the applicable time period, the district court should make a reasonable inquiry designed to ascertain whether the prisoner has complied with the order. Failure to make such an inquiry will render a subsequent dismissal of failure to comply an abuse of discretion. *Larson*, 157 F.3d at 1031. The relevant inquiry regarding whether the prisoner has complied with an initial partial filing fee order may be made by allowing objections to a magistrate judge's report, *see* 28 U.S.C. § 636(b)(1)(C), issuing a show-cause order, *see Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.

1980), communicating by telephone, fax, or e-mail with prison or jail officials, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information.  Any inquiry, and any response, must be reflected on the record so that this court may review any subsequent dismissal.  When a prisoner is allowed to respond to a magistrate judge's report or a show-cause order, a sworn affidavit or unsworn declaration made under penalty of perjury, 28 U.S.C. § 1746, indicating that he has complied with the initial partial filing fee order and setting forth the details of his compliance or copies of any relevant consent forms ordinarily will be sufficient to avoid dismissal for failure to comply.  Prisoners are reminded that false statements in their pleadings may result in sanctions against them, *see* FED. R. CIV. P. 11(c), including dismissal with or without prejudice, and that false statements in an affidavit or unsworn declaration made under penalty of perjury may result in prosecution for perjury.  18 U.S.C. § 1621.

Warmsley submitted a statement made under penalty of perjury setting forth the facts of his compliance.  The district court should obtain information from the Texas Department of Criminal Justice to determine whether Warmsley indeed complied with the initial partial filing fee order within the time allowed for compliance by submitting the required consent forms to prison authorities.

Accordingly, IT IS ORDERED that the judgment of the district court dismissing Warmsley's action is VACATED and that his case is REMANDED for further proceedings.

VACATED AND REMANDED.