# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-40422
Summary Calendar

---

BERTRAND BROWN,

Plaintiff-Appellant,

versus

JAMES A. LYNAUGH, Director, Texas Department
of Criminal Justice, Institutional Division;
RANDY D. MCLEOD, Head Unit, Warden, Stiles
Unit; REED SMITH, Assistant Warden, Stiles
Unit; ANTHONY COLLINS, Warden II, Stiles Unit;
ROBERT E. MORTIN, Major, Stiles Unit; WILBURN
GORE, Major, Stiles Unit; RAY BROOKINS,
Lieutenant, Stiles Unit; LEE GLASS, Sergeant,
Stiles Unit; LOUISETTE DATRICE, Stiles Unit;
JEFFREY POPE, Stiles Unit; HELEN LATORRE,
Sergeant, Stiles Unit; ROBERT D. COLLINS,
Sergeant, Stiles Unit; JEFFREY BALLANCE,
Correctional Officer III, Stiles Unit; SHERRY
CORMIERPPS, Correctional Officer III, Stiles
Unit; MICHAEL DAVID, Correctional Officer III,
Stiles Unit; KENNETH L. BENNETT, Correctional
Officer III, Stiles Unit; DAVID LEE, Correctional
Officer III, Stiles Unit; CHARLES WALDEN,
Correctional Officer III, Stiles Unit; WANDA
BRADBERRY, Correctional Charge Medical Nurse and

the Administrator Seg Medical Staff Personnel on
the Stiles Unit; G. BABY, Personal property room
TDC officer and the Staff on S.T.,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 1:94-CV-132

---

September 27, 2000

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bertrand Brown, a Texas prisoner (# 296134), appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint, without prejudice, for want of

prosecution, FED. R. CIV. P. 41(b), based on Brown's failure to comply with its

order to pay an initial partial filing fee of $5.12 under the Prison Litigation

Reform Act ("PLRA") amendments.

Brown has argued that the PLRA requirements did not apply to him

because he filed his complaint in 1994, before the PLRA's April 26, 1996,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

effective date, and he had been granted leave to proceed IFP under pre-PLRA law. He has also summarily stated that, contrary to a statement of his inmate trust account, he had no funds to pay the initial partial filing fee.

Brown's contention that the PLRA did not apply to him is incorrect. See Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). The district court did not abuse its discretion in dismissing Brown's complaint without prejudice for failure to comply with its order under the PLRA. See id.

Brown's appeal is without merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Our dismissal of this appeal counts as a "strike" against Brown for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996). Brown has already accumulated two strikes in a prior case. Changes v. Vance, No. 99-40425 (5th Cir. June 16, 2000) (unpublished). We caution Brown that he may not hereafter proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.