Michael O. DEVAUGHN, Appellant,

v.

Eddie Bernice JOHNSON, Congresswoman, et al., Appellees.

No. 03–5024.

United States Court of Appeals, District of Columbia Circuit.

Nov. 10, 2003.

Michael O. DeVaughn, pro se, Marion, IL, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees.

BEFORE: HENDERSON, GARLAND, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

◼ This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

◼ ORDERED AND ADJUDGED that the district court's order filed December 20, 2002, be affirmed. The district court did not abuse its discretion in denying leave to proceed in forma pauperis ("IFP") and dismissing this action for failure to file trust account reports as required by 28 U.S.C. § 1915(a)(2). *See Larson v. Scott,* 157 F.3d 1030, 1032 (5th Cir.1998). Although appellant was warned that failure to file the reports would result in dismissal of the action, he made no apparent effort to file them after the action was dismissed the first time. Appellant's prior attempts to obtain them, which preceded the reinstatement of this case, do not excuse his subsequent failure to renew the requests for the reports or advise the district court that officials continued to withhold them. Moreover, appellant's bare allegation on appeal that officials withheld the reports as part of a conspiracy to deny him access to the courts is entirely unsupported. Finally, the district court's grant of appellant's motion to proceed IFP on appeal does not render the dismissal and denial of leave to proceed IFP in the district court questionable; because appellant submitted in this court a trust account report, the district court could grant IFP status on appeal.

**686**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.