United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 06-51075
Summary Calendar

_____

RIAD ELSOLH HAMAD,

Plaintiff-Appellant,

versus

THE GOVERNMENT OF THE UNITED STATES; JOSEPH NICHOLAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
No. 06-CV-083

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Riad Elsolh Hamad appeals the district court's dismissal of his suit without prejudice due to

Hamad's failure to timely serve the defendants and failure to prosecute. We affirm.

Hamad, acting *pro se*, filed a lawsuit against the United States on February 1, 2006.[1] He

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]The suit was also filed against Joseph Nicholas, who, according to Hamad's complaint, is an "illegal alien from Lebanon" and whom Hamad sued for failure to comply with immigration laws. Hamad served an attorney named Jimmy Nassour on behalf of Nicholas, but Nassour notified the district

1

complained about, *inter alia*, being harassed at airports and public places and the Internal Revenue Service's alleged misplacement of his tax returns. The case was initially delayed until Hamad paid outstanding court sanctions. On May 31, 2006, Hamad obtained a summons from the district court. He then sent a copy of the complaint and summons by certified mail to the office of the U.S. Attorney for the Western District of Texas. *See* FED. R. CIV. P. 4(i). The mailing was postmarked June 6, 2006, which was after the 120-day deadline for timely service. *See* FED. R. CIV. P. 4(m).

On July 25, 2006, the district court dismissed Hamad's suit without prejudice for failure to timely serve the defendants and for failure to duly prosecute the lawsuit. In its order of dismissal, the district court noted that Hamad was well known to the court for filing frivolous lawsuits and that " Mr. Hamad is well versed in the filing of lawsuits and knows he must serve the defendants that he makes outrageous allegations against within the 120 days following the filing of his complaint." Hamad did not file a motion for reconsideration but appealed to this court.

We review the district court's dismissal for want of prosecution for abuse of discretion. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to effect timely service of process is also reviewed for abuse of discretion. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). Federal Rule of Civil Procedure 4(m) governs the time limits for service. It provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." FED. R. CIV. P. 4(m).

Hamad's service was untimely, and he offers no justification for the untimeliness. The

---

court that he did not have authority to accept service as he did not represent Nicholas. Hamad does not specifically discuss his service of Nicholas on appeal.

government also notes that, to the extent that Hamad is bringing suit against the Internal Revenue Service or the Department of Homeland Security, he has not served those agencies. In addition, the record does not indicate any attempt to pursue the suit. The district court was within its discretion to dismiss the complaint without prejudice.

The judgment of the district court is AFFIRMED.