# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

MELVIN SMITH,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; WILLIAM H. JONES, III; FERNANDO FUSTER; JAQUELIN BROWN; DERRICK WASHINGTON; TAMIKA WILLIAMS; GINA D. QUAST; B. BURNETT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2603

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Melvin Smith appeals the dismissal, for want of prosecution, of his 28 U.S.C. § 1983 civil rights action against various employees of the Texas Department of Criminal Justice. *See* FED. R. CIV. P. 41(b). The district court dismissed the case without prejudice upon finding that Smith had failed to timely comply with its previous order to provide a more definite statement of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20055

the facts underlying his § 1983 claims.  That order instructed Smith to file his more definite statement by January 10, 2017.  In an uncontroverted sworn declaration, Smith asserts that he deposited his statement in the prison mail system on January 9, 2017.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-81 (5th Cir. 1995) (prisoner mailbox rule).  Furthermore, Smith's statement was filed by the district court clerk on January 12, 2017, within two business days after the filing deadline.  *See Houston v. Lack*, 487 U.S. 266, 269-76 (1988); *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).  Under either scenario, Smith's more definitive statement was timely filed.  The district court thus abused its discretion in dismissing his § 1983 action for want of prosecution.  *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

Accordingly, we VACATE the order dismissing Smith's § 1983 action for want of prosecution and REMAND the case to the district court for further proceedings.