# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20304
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 4, 2020
Lyle W. Cayce
Clerk

KIANTE BUTLER,

     Plaintiff - Appellant

v.

ENDEAVOR AIR, INCORPORATED; JENNIFER LOPEZ; GLORIA LOPEZ; SHANTEL PIERCE,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3711

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Kiante Butler sued Endeavor Air, Inc. for breach of contract, promissory estoppel, negligence, and gross negligence. He also sued Defendants Jennifer Lopez, Gloria Lopez,[1] and Shantel Pierce for civil conspiracy to commit fraud. The district court granted summary judgment for Endeavor on res judicata

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties refer to Gloria Lopez as "Gloria Jimenez," so we follow their lead and refer to her as Jimenez from this point on.

No. 19-20304

grounds because Butler had already brought the same claims unsuccessfully against Delta Air Lines, Inc. The court entered a default judgment against Lopez and Pierce but dismissed claims against Jimenez. Butler then unsuccessfully moved for the alteration or amendment of the court's judgment. After a damages hearing on the claims against Lopez and Pierce, the district court entered a take-nothing judgment. Butler timely appealed. We AFFIRM.

## I.

In August 2014, A.B., Kiante Butler's daughter, flew as an unaccompanied minor on Delta Flight 3329 from Cincinnati to Houston, to visit family. The flight was operated by Endeavor Air, a wholly-owned subsidiary of Delta. Butler alleges that he instructed Delta to only release A.B. into the custody of Shantel Pierce, his cousin. But when A.B. arrived in Houston, Jimenez (A.B.'s grandmother) and Lopez (A.B.'s mother) picked her up instead. Butler alleged that he had to go personally to Texas to try and regain custody over his daughter.

Butler sued Delta[2] in Texas state court. He brought claims of breach of contract, promissory estoppel, negligence, and punitive damages. Delta removed the case to federal court. (We will call this the "Delta Case.") Butler then filed this case, naming both Delta and Endeavor as a defendant along with Jimenez, Lopez, Pierce, and the same two Delta employees. He brought claims against Delta (the claims were similar to his claims in the Delta Case) but did not make allegations against Endeavor. Butler then filed an amended petition, omitting Delta as a defendant and inserting Endeavor's name in place of Delta's.[3] (We will call this the "Endeavor Case.")

---

[2] Butler also sued two Delta employees, who were later dismissed by the district court.

[3] The amended complaint also dropped the two Delta employees as defendants.

No. 19-20304

Eventually the district court in the Delta Case granted summary judgment to Delta on the negligence and punitive damages claims. Delta then filed stipulations in both cases, noting that, while Delta and Endeavor both denied any liability, "as between Delta and Endeavor, Delta will accept liability, if any, arising from the claims brought by Plaintiff" in both cases. After partial summary judgment in the Delta Case was granted, the district court in this case stayed proceedings because it concluded that there was a "high probability that resolution of the [Delta] Case will resolve all issues in both cases."

Ultimately, a jury in the Delta Case found for Delta on Butler's breach of contract and promissory estoppel claims. The district court entered final judgment, under which Butler took nothing from Delta and was ordered to pay costs. Butler appealed, and at his request, the district court in the Endeavor Case lifted the stay. This court dismissed Butler's appeal in the Delta Case for want of prosecution.

Endeavor sought summary judgment in the Endeavor Case, and Butler moved for judgment on the pleadings and sought a default judgment against Lopez and Pierce. The district court eventually granted summary judgment to Endeavor on all of Butler's claims. The court held that all of Butler's claims against Endeavor were barred by res judicata. The court also entered a default judgment against Lopez and Pierce and set a hearing to allow Butler to prove damages. Finally, the court noted that Butler had not shown that he intended to prosecute his claim against Jimenez, and that if he failed to show good cause otherwise, the court would dismiss the claims against her. Butler never tried to show good cause.

Following the damages hearing at which Butler did not appear and offered only a single declaration as evidence, the district court entered a final judgment ruling that Butler would take nothing from Lopez or Pierce, and that

No. 19-20304

his claims against Jimenez were dismissed for lack of prosecution. Butler then moved for default judgment as a matter of law, and in the alternative, for a new trial. The district court denied the motion. Butler timely appealed.

II.

Since Butler moved for a new trial after summary judgment rather than after a trial, we review the motion as one under Rule 59(e) to alter or amend the judgment. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006). We review the denial of such a motion for abuse of discretion. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018). The district court's decision "need only be reasonable" to survive that review. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).

We review summary judgment de novo and apply the same standards as the district court. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Austin*, 864 F.3d at 328 (citing *Crawford v. Formost Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000)).

"We review a dismissal for want of prosecution or failure to obey a court order for abuse of discretion." *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

Finally, we review the denial of a motion to continue for abuse of discretion. *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000).

No. 19-20304

III.

We first address the summary judgment decision. We agree with the district court that summary judgment was appropriate because Butler's claims against Endeavor are barred by res judicata.[4]

Res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised" in a prior proceeding that was decided on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). For res judicata to apply, four elements must be shown: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996).

Delta and Endeavor were in privity for purposes of res judicata.[5] "A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Privity can exist where—among other things—the non-party's interests were adequately represented by a party to the original suit. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). Adequate representation may occur where "a party to the original suit is 'so closely aligned to the non-party's interests as to be his virtual representative.'" *Id.* at 1267 (quoting *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975), *appeal dismissed* 423 U.S. 908 (1976)).

---

[4] We assume, for purposes of this decision, that Butler adequately briefed these arguments.

[5] As Butler challenges only the first and fourth prongs of the res judicata analysis, we address only those issues here.

No. 19-20304

Here, Delta was so closely aligned to Endeavor's interests in the Delta Case that it acted as Endeavor's virtual representative. First, Endeavor was a wholly owned subsidiary of Delta. Second, the claims against Delta in the first case and Endeavor in this case arise out of the same set of facts: A.B.'s unaccompanied flight on Delta flight 3329, and the decision by Delta employees to release A.B. to her grandmother, Jimenez, rather than to Pierce. The claims against Delta and Endeavor are virtually identical: breach of contract, promissory estoppel, and various forms of negligence. Butler tried to add Endeavor as a defendant in the first case, and only when that attempt was denied (because his request was too late) did Butler file this second action. That Delta and Endeavor's interests were thus identical is underscored by the fact that Delta stipulated in *both* cases that, were liability against Endeavor to be found, Delta would accept the liability. On these facts, we conclude that Delta virtually represented Endeavor's interests in the Delta Case, thus satisfying the first factor in the res judicata analysis.

Second, the same claims were involved in the Delta Case and the Endeavor Case. To determine whether the same claims were involved in a prior lawsuit, we apply the transactional test, under which "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original case arose." *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010) (cleaned up). "The critical issue under this determination is whether the two actions under consideration are based on the same nucleus of operative facts." *Id.* (quoting *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000)).

Here, as shown by Butler's own factual allegations in his complaints, a single nucleus of operative facts forms the basis for Butler's claims against Delta in the Delta Case and Endeavor in this case. Butler sued both companies because he believes they breached a contract with him and injured him by

6

No. 19-20304

releasing A.B. into the custody of the wrong person. He brought claims of breach of contract, promissory estoppel, and negligence against both companies. The operative complaints in both cases reveal practically identical claims against Delta and Endeavor based on the same set of facts.[6] Butler himself concedes that the two suits are "based upon the same facts." Butler's asserted rights in the first case against Delta are identical to those he asserts in the second case against Endeavor. *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (preclusive effect of prior judgment "extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.") (cleaned up).

For these reasons, we hold that the district court correctly concluded that res judicata barred Butler's claims against Endeavor in this suit. Butler's claims were therefore appropriately disposed of at summary judgment.

IV.

We briefly address Butler's other complaints. He challenges the district court's decision to deny his motion for a new trial, its decision to dismiss the claims against Jimenez for want of prosecution, and its decision to deny his motion for a continuance during the damages hearing.

The district court did not abuse its discretion in denying Butler's motion for a new trial. Motions under Rule 59(e) are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d

---

[6] Butler argues that his gross negligence claim against Endeavor is different from the general negligence claim against Delta. But functionally, the two claims are the same. The same acts or omissions constitute the basis of the negligence claim, and the general theory of the claims is identical—Delta and Endeavor breached their duty to Butler to ensure the safe passage of A.B. as an unaccompanied minor by releasing her into the custody of someone other than Pierce, the designated pickup person.

No. 19-20304

473, 478–79 (5th Cir. 2004). Butler's motion for a new trial merely rehashed evidence and arguments the district court had already rejected. The court thus did not abuse its discretion by denying the motion.

Next, we find no abuse of discretion in the court's denial of Butler's motion to continue. Trial courts have "exceedingly wide" authority regarding "scheduling decision[s], such as whether a continuance should be granted." *HC Gun & Knife Shows*, 201 F.3d at 549. "We will *not* 'substitute our judgment concerning the necessity of a continuance for that of the district court'" unless the complaining party shows prejudice. *Id.* at 550 (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)).

Butler was not present at the hearing on damages. Lopez and Pierce, the defendants against whom default judgment had been entered, did attend, and argued against any damages. Butler's counsel confessed to being unprepared to address any of their arguments. When counsel for Butler moved for a continuance of the hearing, the district court declined, noting that the case had been pending for over two years, and that since all other issues in the case were already resolved, postponing a decision on damages was inappropriate.

On appeal, Butler makes no persuasive arguments that the district court's decision amounts to an abuse of discretion. Instead, he simply asserts that the court's decision to not continue the hearing was an abuse of discretion. He cites no legal authority for this proposition. He also asserts that he was prejudiced by not being able to respond to statements by Lopez and Pierce at the hearing. We are unpersuaded that he was prejudiced for two reasons. First, Butler's predicament was of his own making—he chose not to attend the hearing. Second, the district court's ultimate decision at the hearing was not based on argument made by Lopez or Pierce. Rather, the court concluded that the evidence Butler presented—a brief declaration, without any other supporting evidence—was insufficient to establish his damages. In other

8

words, the outcome of the hearing was unfavorable because Butler's evidence was insufficient, not because the continuance was denied. For that reason, we cannot say Butler was prejudiced by the court's denial of his last-minute motion for a continuance. We thus find no abuse of discretion.

Finally, we hold that Butler has waived the argument that the district court abused its discretion by dismissing Jimenez because he fails to adequately brief the issue. His opening brief contains only a few sentences on the subject and fails to cite legal authority, and his reply brief is similarly lacking. We therefore deem the argument waived. *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

AFFIRMED