# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 19-30807

MILTON RAYMOND HINSON,

*Plaintiff—Appellant*,

*versus*

DAVID BOYLE HALE,

*Defendant—Appellee*.

CONSOLIDATED WITH

No. 19-30808

MILTON R. HINSON,

*Plaintiff—Appellant*,

*versus*

JOSE FRANCISCO ARTECONA,

*Defendant—Appellee*.

No. 19-30807
c/w No. 19-30808
c/w No. 19-30955
c/w No. 19-30956

CONSOLIDATED WITH

_____

No. 19-30955

_____

MILTON R. HINSON,

*Plaintiff—Appellant*,

*versus*

21ST JUDICIAL DISTRICT OFFICE OF PUBLIC DEFENSE FOR THE PARISH OF LIVINGSTON, STATE OF LOUISIANA,

*Defendant—Appellee*.

CONSOLIDATED WITH

_____

No. 19-30956

_____

MILTON R. HINSON,

*Plaintiff—Appellant*,

*versus*

LIVINGSTON PARISH SHERIFF'S DEPARTMENT INTERNAL AFFAIRS,

*Defendant—Appellee*.

No. 19-30807
c/w No. 19-30808
c/w No. 19-30955
c/w No. 19-30956

---

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-421
USDC No. 3:19-CV-420
USDC No. 3:19-CV-384
USDC No. 3:19-CV-368

---

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Milton R. Hinson, proceeding pro se, moves to proceed in forma pauperis (IFP) in these four appeals from the district court's dismissal of four 42 U.S.C. § 1983 complaints. Because they present the same issue, the appeals in No. 19-30807, No. 19-30808, No. 19-30955, and No. 19-30956 are CONSOLIDATED.

By moving to proceed IFP, Hinson is contesting the district court's certifications that his appeals are not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* 28 U.S.C. § 1915(a)(3). Our inquiry is limited to whether the appeals involve legal points that are arguable on their merits and therefore are not frivolous, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), but we may determine the merits of the appeals if they are intertwined with the certification decisions, *see Baugh*, 117 F.3d at 202.

In each of these cases, Hinson moved for leave to proceed IFP in the district court and asserted that he was unable to provide the certified account statement required by § 1915(a)(2) because officials at the institution where

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30807
c/w No. 19-30808
c/w No. 19-30955
c/w No. 19-30956

he was confined refused to complete the statement without a court order. In each case, the district court (1) issued a single deficiency notice warning Hinson that his case would be dismissed if he failed to submit the account statement, (2) denied Hinson's subsequent motion to compel the officials to provide the statement, and (3) sua sponte dismissed without prejudice based on Hinson's failure to file the statement. In support of his motions to proceed IFP on appeal, Milton reiterates that he was prevented from timely providing the account statements by the institution, and he identifies a separate case where he was able to submit the account statement after a different district court granted a motion and ordered the institution to comply.

Sua sponte dismissal without prejudice based on failure to comply with a court order to submit an account statement is subject to review for abuse of discretion. *See Larson v. Scott*, 157 F.3d 1030, 1031-32 (5th Cir. 1998). On the specific facts presented here, we conclude that the district court abused its discretion. *See id.*; *cf. Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[W]here the law affords courts discretion as to how a particular rule is to be applied, courts must exercise such discretion with leniency towards unrepresented parties."). On that basis, Hinson's motions for leave to proceed IFP are GRANTED and we DISPENSE with further briefing. *See Baugh*, 117 F.3d at 202. The district court's judgments are VACATED, and these cases are REMANDED to the district court for further proceedings.