# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30501
Summary Calendar

———————

Tyre K. Venious,

*Plaintiff—Appellee*,

*versus*

Elizabeth "Liz" Murrill, *et. al*,

*Defendants—Appellants*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:25-CV-686

———————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Appellant Tyre K. Venious, proceeding *pro se*, filed a civil action against five defendants challenging the constitutionality of Louisiana's sex offender laws. He also filed, *inter alia*, a motion for a preliminary injunction seeking to enjoin enforcement of the statutes against him. But Venious failed to comply with the magistrate judge's order to effectuate service by

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30501

"deliver[ing] to the clerk of court a copy of his complaint, two completed summons forms, and a completed USM-285 form for each defendant that he wishe[d] to have served" by July 11, 2025. The order informed Venious that if he failed to meet the deadline or otherwise comply with the order, his claims could be dismissed for failure to prosecute. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)).

The district court denied Venious's request for a preliminary injunction. Adopting the magistrate judge's recommendation, the district court also dismissed Venious's case without prejudice for failure to effectuate service within the time provided by the court's prior order and for failure to prosecute. In this appeal, Venious challenges the dismissal of his claims.[1]

A district court has "broad discretion and inherent authority to manage its docket," including "the power to dismiss a case for a party's failure to obey the court's orders." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) ("citations omitted"). A court may dismiss an action for want of prosecution *sua sponte* when necessary to achieve the goal of orderly and expeditious disposition of cases. *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982). "We review a dismissal for want of prosecution or failure to obey a court order for abuse of discretion." *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). "[A] district court by definition abuses its discretion when it makes an error of law," *United States v. Lipscomb*, 299 F.3d 303, 338 (5th Cir. 2002) (citations omitted), or when it "bases its decision . . . on a clearly erroneous assessment of the evidence," *id.* at 339.

---

[1] Venious filed a separate notice of appeal of the district court's ruling denying injunctive relief. This court affirmed that ruling. *See Venious v. Murrill*, No. 25-30452, 2026 WL 373326, at *1 (5th Cir. Feb. 10, 2026).

No. 25-30501

Venious fails to show an abuse of discretion by the district court in this case.  Simply put, he did not complete the preliminary tasks necessary to pursue his civil action, despite the court's clear instructions and reasonable timeline for doing so.  Therefore, the district court acted within its discretion in dismissing his case without prejudice.

AFFIRMED.